ELLA WILSON v. STERLING WILSON.

No. A-1156. Decided April 30, 1947.
(201 S. W., 2d Series, 226.)

608

*Paul T. McMahon,* of Dallas, for petitioner.

It was error for the Court of Civil Appeals to substitute its findings for those of the trial court to the effect that some of the property was purchased with community funds instead of the separate funds of the defendant, as found by the trial court. Armstrong v. Turbefield, 216 S. W. 1101; Bray v. Bray, 28 S. W. (2d) 205; Jones v. Jones, 181 S. W. (2d) 988.

*W. J. Durham,* of Dallas, for respondent.

Since the evidence was so doubtful as to the source from which the purchase money of the lots was obtained, and said lots having been purchased during the marriage of plaintiff's father with his step-mother, it would be presumed that same were community property. Lee v. Lee, 247 S. W. 828; Bantuello v. Bantuello, 195 S. W. 686; Finley v. Pafford, 104 S. W. (2d) 163.

MR. JUSTICE SLATTON delivered the opinion of the Court.

This suit was filed by Sterling Wilson seeking a declaratory judgment for the purpose of establishing his interest by inheritance to real estate situated in Dallas County. The suit was against his stepmother. The title to the property was obtained during the marriage of Sterling Wilson's deceased father, Grant Wilson, and Ella Wilson. The cause was tried by the court without the aid of a jury. The controlling issue made by the pleadings and evidence was whether the property was community property of Ella Wilson and Grant Wilson, deceased, or the separate property of Ella Wilson.

Ella Wilson offered evidence tending to show that the property was purchased with funds belonging to her separate estate, and that the title to the property was so held by her, although it was obtained during her marriage with Grant Wilson, deceased. The trial court decided the issues in favor of Ella Wilson.

Sterling Wilson appealed to the Dallas Court of Civil Appeals. The Dallas Court concluded thatthe evidence which Ella Wilson offered for the purpose of rebutting the presumption of community property was not clear, satisfactory and convincing with respect to some of the property. The Court affirmed a part of the judgment of the trial court, reversed a part of the judg-

ment and rendered judgment fixing the respective interests of Ella Wilson and Sterling Wilson in and to the property as follows: Title to all of Lots 9, 10, 12 and 15 in Block P/2606 in * * * Ella Wilson as her separate estate, and an undivided interest in Lots 13 and 14 in Block P/2606 in proportion as $288.61 bears to $407.21, or fractionally $288.61 over $407.21; and to an undivided one-half of lots 17 and 18 in Block N/2604 and 21 and 22 in Block O/2605. Sterling Wilson was vested with title to an undivided interest in and to Lots 13 and 14 in Block P/2606, in proportion as $118.60 bears $407.21, or fractionally $118.60 over $407.21, and to undivided one-half interest in Lots 17 and 18 in Block N/2604 and Lots 21 and 22 in Block O/2605. Wilson v. Wilson, 200 S. W. (2d) 258.

■ Since Sterling Wilson did not apply for a writ of error and complain of the judgment of the Court of Civil Appeals which vested the title to Lots 9, 10, 12 and 15 in Block 2606 in the separate estate of Ella Wilson, that part of the judgment is not properly before us for review. Cherry v. Farmers Royalty Holding Co., 138 Texas 576, 160 S. W. (2d) 908. What we shall say has reference to the judgment of the Court of Civil Appeals which reversed the action of the trial court and rendered judgment vesting title to a part of the property in undivided interests in Ella Wilson and Sterling Wilson.

■ The Honorable Court of Civil Appeals is invested with the power of passing upon the weight of the evidence when its jurisdiction in this respect is properly invoked, and may reverse a judgment of the trial court when in its opinion the evidence is insufficient to sustain the judgment. Choate v. San Antonio & A. P. R. Co., 91 Texas 406, 409, 44 S. W. 69; Woods et al, v. Townsend et al, 144 Texas 594, 192 S. W. (2d) 884.

■ In the present case the presumption of community property attached to all of the property, since it was acquired during the marriage of Grant Wilson and Ella Wilson. The law imposed upon the party asserting otherwise the burden of overcoming the presumption by clear and satisfactory evidence. Epperson v. Jones, 65 Texas 425. It is evident that the proof offered by Ella Wilson was considered sufficient by the Court of Civil Appeals as to the title of lots to which it affirmed the action of the trial court vesting title in the separate estate of Ella Wilson. As to the remaining property, whether the evidence was sufficient to sustain the judgment is a question within the power of the Court of Civil Appeals to decide, but its findings

as to the insufficiency of the evidence only authorizes the Court to reverse the judgment of the trial court. It has no power to substitute its findings with respect to the weight of the evidence for the findings of the trial court. Choate v. San Antonio & A. P. R. Co., supra.

■ Under this state of the record, the Honorable Court of Civil Appeals should have remanded the case with respect to the title of the property wherein it considered the evidence insufficient.

Since the Supreme Court is not invested with the power to determine facts, we cannot revise the action of the Court of Civil Appeals which was determined upon the facts. Our duty here is to reverse the judgment of the Court of Civil Appeals and to remand that part of the case to the trial court for another trial.

Accordingly, it is the judgment of this Court that the judgment of the Court of Civil Appeals which affirmed the judgment of the trial court is not disturbed. That part of the judgment which declared the respective interests of Ella Wilson and Sterling Wilson in and to the remaining property is reversed and remanded to the trial court for further proceedings.

Opinion delivered April 30, 1947.