VERDA LEAKE VAN ET AL V. LUCY J. WEBB.

No. A-1748. Decided November 10, 1948.
Rehearing overruled December 15, 1948.
(215 S. W., 2d Series, 151.)

*Kilpatrick & Kilpatrick,* of Cleburne, for petitioners.

The Court of Civil Appeals erred in holding that there was no evidence in the case supporting the contention of petitioners that the property was community property of Sidney Webb and his wife, Lucy J. Webb. Dyess v. Davey Tree Expert Co., 44 S. W. (2d) 911; Kearse v. Kearse, 276 S. W. 690; McKivett v. McKivett, 70 S. W. (2d) 694.

*Joe S. Moss,* of Post, for respondents.

Replying to above proposition cited, Foster v. Christensen, 67 S. W. (2d) 246; Binford v. Synder, 189 S. W. (2d) 471.

MR. JUSTICE SIMPSON delivered the opinion of the Court.

Lucy J. Webb brought a trespass to try title suit against Verda Leake Van and others in the district court of Crosby

County to recover two tracts, each containing 320 acres. This action was really one to remove the cloud cast on the title to this land by the filing in Crosby County of the abstract of a money judgment which had been rendered in the district court of Johnson County in favor of Mrs. Van against Sidney Webb, husband of the plaintiff. The judgment against Webb was dated May 11, 1940. He died April 17, 1943. The abstract of the judgment was filed in Crosby County May 26, 1943. This action was begun March 6, 1947. Mrs. Van filed an answer and cross-action May 30, 1947, in which she alleged the recovery, abstracting and continued subsistence of the judgment against Webb; that Webb had died intestate more than four years since and no administration had been taken out on his estate; that the land in suit was community property of Webb and the plaintiff and subject to the abstract of judgment lien; and prayed, in effect, for foreclosure of the lien as well as all other appropriate relief. All the defendants other than Mrs. Van either disclaimed, defaulted, or were dismissed. At the conclusion of a trial without a jury, the district judge entered a decree of foreclosure in favor of Mrs. Van. This judgment was reversed by the Court of Civil Appeals and judgment rendered for Mrs. Webb. 210 S. W. (2d) 877. That court based its holding upon the conclusion that the evidence showed clearly and satisfactorily that the land had been given to Mrs. Webb during her coverture and consequently was her separate property; that the only circumstance to the contrary was a presumption that the land was community property, a presumption the law indulges from the fact that the deeds to Mrs. Webb did not show that it was conveyed to her as her separate estate; that this presumption had been overcome by the evidence; and since the land was Mrs. Webb's separate property, it could not be sold to pay a debt Sidney Webb owed Mrs. Van. In this ruling the court fell into error.

■ The land was conveyed to Mrs. Webb while her husband,, Sidney Webb, was living. One tract was deeded to her by her son Pat and the other by another son, Don. Neither deed contained any recital that the land was conveyed to Mrs. Webb as her separate property. Accordingly, the title taken by her was presumptively community property, and the presumption thus arising could be overcome only by clear and satisfactory evidence. Art. 4619, R. S.; Wilson v. Wilson, 145 Texas 607, 201 S. W. (2d) 226.

The recovery of the judgment against Sidney Webb, his death, intestacy, and the absence of an administration on his

estate, all as alleged by Mrs. Van, are not in dispute. The deed from Pat Webb to his mother, dated December 26, 1938, recited a consideration of $300.00 cash "to me paid by Mrs. Lucy J. Webb" and the assumption by the grantee of a lien debt of $5,-300.00. The deed from Don Webb, dated February 18, 1941, recited a consideration of $1,000.00 "to me in hand paid by Mrs. Lucy J. Webb" and the assumption by his mother of "all indebtedness due the Federal Land Bank of Houston." Each of these grantors and their mother testified that the money considerations recited were not actually paid and that the conveyances were intended as gifts. Mrs. Webb and Sidney Webb executed two deeds of trust on the first tract, one to the Federal Land Bank of Houston and the other to the Land Bank Commissioner, dated January 31, 1940. There was no recital in these deeds of trust that the land was her separate estate. Mrs. Webb testified that what was paid on the encumbrances against the land was out of her separate property. After Sidney Webb's death, deeds were executed by all of his heirs, reciting a consideration of $10.00 paid and purporting to "bargain, sell, release and forever quit claim" the land to Mrs. Webb.

■■ Thus it appears that the original deeds from Pat Webb and Don Webb to their mother carried, in addition to the assumption which has been noted, evidence that the conveyances were not gifts but were sales made upon substantial cash considerations. True it is that Mrs. Webb and her two sons testified that these recitals were incorrect and that no cash at all was paid. Of course, these denials did not establish as a matter of law that no money actually passed; they did no more than raise fact issues from which the district court was at liberty to determine whether or not the cash considerations were paid to the extent and in the manner the deeds declared. The presumption adverted to is further supported by the act of Mrs. Webb and her husband's executing deeds of trust on one parcel of the land with no recital that Mrs. Webb claimed the property as her own. Moreover, it is significant that all the heirs of Sidney Webb, including the two sons who had deeded the land to Mrs. Webb, executed deeds in favor of their mother after their father died. If the land was Mrs. Webb's separate property and the heirs of Sidney Webb had inherited no interest from him, the making of these deeds might well be deemed meaningless. These transactions amounted to some evidence tending to establish that the land was community, and that the children were conveying to their mother estates they had inherited from their father. It follows from these circumstances that the Court of Civil Appeals was not warranted in concluding as a matter of law that

there was no evidence to support Mrs. Van's contention that the land was community property.

■ The proof Mrs. Webb presented in support of her contention that the land was conveyed to her by deeds of gift was the testimony of herself and the two sons who had made the deeds. The arguments went that since the testimony of Mrs. Webb and her sons was uncontradicted and there were no circumstances casting suspicion upon it, the court was bound by it. This position is untenable for the reason, among others, that this testimony was not uncontradicted but, to the contrary, the record contained proof, as has been detailed, reasonably supporting the view that the land was sold to Mrs. Webb and not acquired by her by gift. Wilson v. Wilson, supra.

■ Mrs. Webb advanced the contention that the district court had no jurisdiction of Mrs. Van's cross-action, but the Court of Civil Appeals decided the case on another theory, as has been noted, and so did not discuss the question. This point must be overruled. It is true that Mrs. Van's claim is in effect against the estate of Sidney Webb, and ordinarily would be cognizable only in a probate court. An able discussion of that principle occurs in Cole v. Franklin Life Ins. Co. (5th Cir.) 93 Fed. (2d) 620, opinion by Circuit Judge Hutcheson. See, also, Ansley v. Baker, 14 Texas 607, 65 Am. Dec. 136; Green v. Rugely, 23 Texas 539.

But Mrs. Van's cross-action alleged and the record shows that Sidney Webb had died intestate more than four years previously and that there had never been any administration upon his estate. So, at the time the cross-action was brought no administration could have been taken out of Sidney Webb's estate, owing to the lapse of four years since his death. Art. 3325, R. S. The probate court had lost the power to open up such an administration. In this situation it was proper for Mrs. Van to apply to the district court for relief against Mrs. Webb as the distributee of assets of Sidney Webb's estate (assuming that the land in suit was community property).

The applicable statute, Article 3314, R. S., omitting parts irrelevant here, reads: "* * * Whenever a person dies intestate, all of his estate shall vest immediately in his heirs at law, but * * * shall still be liable and subject in their hands to the payment of the debts of the intestate."

At an early date Chief Justice Hemphill said "there is no

question that, after administration and partition, he (an heir) may be held liable to the extent of his distributive share for debts not barred by limitation." Ansley v. Baker, supra, at 14 Texas 610, 65 Am. Dec. 136. No reason exists why the same rule should not apply in cases where there has not been and because of the lapse of time cannot be an administration and the creditor seeks to subject the decedent's property, found in the hands of distributees, to the payment of his debt.

Chief Justice Moore announced in McCampbell v. Henderson, 50 Texas 601, 611, that: "Ordinarily, the creditor must in the first instance, bring suit for the collection of his claim against the personal representative of the deceased debtor, and not against his heir. Where suit is brought against the debtor, and he dies, such suit cannot be revived against the heir, unless the plaintiff if suit had not been brought, might bring an original action against him. But if there is no administration upon the estate of the defendant, and the facts show that none is necessary or desired by those interested in his estate, *and especially if, owing to the lapse of time, the statute forbids the grant of administration upon his estate, and the heirs are in possession of his property, they are in such sense the representatives of their ancestor, that a pending action may be revived or an original suit brought against them.*" (Emphasis supplied.) See, also, 21 Am. Jur., Executors and Administrators, sec. 1016; Peters v. Hood, 2 Willson Civ. Cas. sec. 376; Turman v. Robertson & Herndon, 3 Willson Civ. Cas. sec. 216; Dempsey v. Gibson (Tex. Civ. App.) 105 S. W. (2d) 423, error dismissed.

It will be noted in the case at bar that all heirs have conveyed to Mrs. Webb and, if the land involved was community property, she is in effect the sole distributee. The attempt to fix an abstract of judgment lien in favor of Mrs. Van against the land was ineffective, Sidney Webb having died before the abstract was filed. So much was conceded in the argument. See First National Bank of Bowie v. Cone (Tex. Civ. App.) 170 S. W. (2d) 782, error refused; Harms v. Ehlers (Tex. Civ. App.) 179 S. W. (2d) 582. error refused. But the right of a creditor respecting the decedent's land in the hands of a distributee, as fixed by the provisions of Article 3314, was denominated in Blinn v. McDonald, 92 Texas 604, 46 S. W. 787 (rehearing overruled 92 Texas 604, 50 S. W. 931), as itself a statutory lien. See, also, Westerfeld v. Stout (Tex. Civ. App.) 129 S. W. (2d) 478, error dismissed, judgment correct. Accordingly, under all the facts, if the land in suit was community property it would be accurate to say that Mrs. Van has a statutory lien against

it and proper for the court to award her a decree of foreclosure. She would not be entitled to a money judgment against Mrs. Webb but rather to a judgment which is in effect one in rem, subjecting the assets of Sidney Webb which may have come into Mrs. Webb's hands to the payment of the claim.

■ Now, it is to be observed that whatever right Mrs. Van had to subject this land to the payment of her debt is limited to the community ownership of Sidney Webb and his wife at the time of his death. If with her separate funds Mrs. Webb has paid off encumbrances either before or since her husband died, she should be credited with the amounts so paid. By making those payments she became in effect subrogated to the rights of lien-holders which were paramount to those of Mrs. Van. The evidence does not establish the status of these payments. In this, and conceivably in other aspects, the case does not seem to have been fully developed, and the ends of justice would appear best served by a remand to the district court for a new trial. Rule 505, Texas Rules of Civil Procedure.

■ Mrs. Webb contends that the judgment obtained by Mrs. Van against Sidney Webb is void, since the abstract of judgment shows on its face that Mrs. Van's husband was joined as a pro forma plaintiff only, but does not show that the claim upon which the judgment was rendered was her separate property. It is now established that a pro forma joinder of the husband in a suit by a married woman to recover her separate property is sufficient. Wade v. Wade, 140 Texas 339, 167 S. W. (2d) 1008; Whitehurst v. Estes (Tex. Civ. App.) 185 S. W. (2d) 154, error refused. This being a collateral attack, it will be presumed in support of the validity of the judgment that the claim was Mrs. Van's separate property. Carroll v. McLeod, 133 Texas 571, 130 S. W. (2d) 277; White v. White, 142 Texas 499, 179 S. W. (2d) 503; Burton v. McGuire (Tex. Com. App.) 41 S. W. (2d) 238.

■ Mrs. Van objected to the testimony of Mrs. Webb and her sons to the effect that the cash consideration recited in the deeds was not paid, upon the ground that the evidence attempted to vary by parol the recital of consideration contracual in its nature. This was not the effect of the testimony, which had solely to do with varying the recital of payment of a cash consideration. This may uniformly be done. Rule 24 under Art. 3713, Vernon's Ann. Civ. Stat.; Binford v. Synder, 144 Texas 134, 189 S. W. (2d) 471; Burns v. Nichols (Tex. Civ. App.) 207 S. W. 158; McCormick and Ray, Texas Law of Evidence sec.

730(b). And the fact that the deeds expressed other consideration contractual in nature does not prevent a showing that the cash consideration was not in fact paid. Skinner v. Vaughan (Tex. Civ. App.) 150 S. W. (2d) 260, error dismissed, judgment correct.

■ The Court of Civil Appeals correctly ruled that the testimony of Mrs. Webb and her sons concerning the manner by which she received the land was not inadmissible under Article 3716, R. S. This statute, as it is sought to be applied here, prohibits a party in a suit by or against heirs of a decedent from testifying as to transactions with or statements by the deceased. It is readily apparent that the transactions about which testimony was offered were between Mrs. Webb and her sons, and not between Sidney Webb and his heirs, and so the statute has no application under the facts presented.

The judgment of the Court of Civil Appeals is reversed and the cause is remanded to the district court for another trial.

Opinion delivered November 10, 1948.

Rehearing overruled December 15, 1948.

Associate Justice BREWSTER not sitting.