Keith McKINLEY, Individually and as Independent Executor, Petitioner,

v.

Flora McKINLEY, Respondent.

No. B–3525.

Supreme Court of Texas.

June 20, 1973.

Rehearing Denied July 18, 1973.

James H. Martin, Esir Tobolowsky, Dallas, for petitioner.

Jerry W. Biesel, Dallas, for respondent.

DENTON, Justice.

This is an action brought by Flora McKinley for an injunction, and by amended petition, to obtain a declaratory judgment that two savings certificates were the community property of Flora McKinley and her deceased husband, Royal McKinley. The trial court held that the savings certificates were community property, and rendered judgment in favor of Flora McKinley for $13,200, half of the total value of the certificates. The court of civil appeals affirmed after allowing an offset for funds admittedly withdrawn by Flora McKinley. 483 S.W.2d 310. Holding that a portion of the savings certificates are separate property, we reverse.

Flora and Royal McKinley were married on January 15, 1965. Prior to the marriage Royal opened two savings accounts which were the source of funds used to purchase the certificates which are the subject of this suit. Immediately prior to the marriage one account was in the amount of $9,570.27 in the Dallas Federal Savings and Loan, and the other account consisted of $9,535.63 in the First Federal Savings & Loan. Between January 15, 1965, and Royal's death on October 15, 1970, numerous deposits and withdrawals were made in both accounts, and on January 2, 1968, withdrawals from both accounts were used to purchase the savings certificates which are the property in contention in this appeal.

On November 4, 1970, Keith McKinley, as executor, filed an inventory and appraisement which listed the two savings certificates as the separate personal property of Royal. The inventory and appraisement were subsequently approved by an order of the probate court. On November 6, 1970, respondent initiated this suit in the district court against Keith McKinley individually, and as independent executor of the estate of Royal McKinley, deceased. The original petition prayed for an order restraining Keith McKinley from disposing of the assets of the estate. By her first amended original petition she further prayed for a declaratory judgment under Article 2524–1, Vernon's Ann.Tex.St., to

declare the two savings certificates community property.

The trial court made findings of fact, that, *inter alia*, the sources of the money to purchase said savings certificates were the joint checking account and/or joint savings accounts; that no evidence of probative value was offered as to the nature of any of the transactions in regard to the two joint savings accounts; and that the deceased commingled all funds held by him in joint savings and checking accounts. The court then concluded that the said certificates heretofore mentioned in the total sum of $26,400 were the community property of the parties to the marriage and not the separate property of Royal C. McKinley.

The court of civil appeals held that the separate funds of Royal McKinley lost their identity because of the many transactions which commingled the funds in the name of both of them and the certificates became community property.

■ By his first point of error before this court Keith McKinley asserts that the district court did not have jurisdiction of this suit as no appeal or certiorari was taken from an order of the probate court approving the inventory and appraisement. Although the inventory of the estate filed in the probate court is not conclusive of the title to the property therein listed, it is prima facie evidence of that fact. Krueger v. Williams, 163 Tex. 545, 359 S.W.2d 48 (1962). The order of the probate court approving an inventory and appraisement is not an adjudication of title to property.

■ The court of civil appeals held that a declaratory judgment proceeding is cumulative of the remedy afforded under the Texas Probate Code, citing Cobb v. Harrington, 144 Tex. 360, 190 S.W.2d 709 (1945), and Hilley v. Hilley, 305 S.W.2d 204 (Tex.Civ.App.—1957, writ refused, n. r. e.). The district court, under the Uniform Declaratory Judgments Act, Article 2524-1, V.A.C.S., has concurrent jurisdiction to declare the rights, status or legal relations of persons interested under a will. Here Flora McKinley chose to seek a declaratory judgment with respect to the nature of the funds used to purchase the savings certificates. The district court had jurisdiction to make such a declaration. Petitioner's first point is overruled.

Petitioner next contends that there is no evidence to support the trial court's finding that the total amount of the two savings certificates was community property, and that the court of civil appeals erred in holding that the trial court's conclusion of law was correct.

There are two savings certificates involved here: One in the amount of $10,400, and the other in the amount of $16,000. The $10,400 certificate was purchased from the First Federal Savings & Loan Association with funds which were in a savings account in that same institution. Similarly, the $16,000 certificate was purchased from the Dallas Federal Savings & Loan Association with funds which came primarily from monies in a savings account with Dallas Federal Savings & Loan. For ease of discussion the certificates will be discussed separately and will be referred to by the name of the respective savings and loan association, or by the value of the certificate.

In late 1964, Royal McKinley had $9,500 on deposit in a First Federal Savings & Loan savings account. It is uncontroverted that this $9,500 was Royal's separate property. By December 31, 1965, the interest earned by this account was $472.03, and on January 5, 1966, $472.03 was withdrawn. The $9,500 originally deposited remained in the account and continued to earn interest until, on December 31, 1967, the account balance was $10,453.81. From January 5, 1966, to December 31, 1967, no withdrawals were made from this account, and all deposits are shown on the account statement to have been "dividends." On January 2, 1968, $10,400 was withdrawn from the savings account and, on the same

date, was used to purchase First Federal Savings & Loan savings certificate No. 101046 in the amount of $10,400. The First Federal certificate remained on account and untouched until Royal's death on October 15, 1970.

In Tarver v. Tarver, 394 S.W.2d 780 (Tex.1965), this Court reiterated the basic presumption that all property possessed by a husband and wife when their marriage is dissolved is their community property. At the time *Tarver* was decided the presumption was created by Article 4619, Sec. 1, Vernon's Texas Civil Statutes, and the presumption remains by the clear language of Section 5.02 of the Family Code, V.T.C.A.: "Property possessed by either spouse during or on dissolution of marriage is presumed to be community property." It is the general rule that to discharge the burden imposed by the statute a spouse, or one claiming through a spouse, must trace and clearly identify property claimed as separate property, Tarver v. Tarver, *supra*; Wilson v. Wilson, 145 Tex. 607, 201 S.W.2d 226 (1947); Chapman v. Allen, 15 Tex. 278, 283 (1885). It is further well settled that when the evidence shows that separate and community property have been so commingled as to defy resegregation and identification, the burden is not discharged and the statutory presumption prevails. Tarver v. Tarver, *supra*; Hodge v. Ellis, 154 Tex. 341, 277 S.W.2d 900 (1955).

In applying these principles to the $10,400 savings certificate, it seems clear that the $9,500 originally on deposit with the First Federal Savings & Loan was traced in its entirety into savings certificate No. 101046, and that $9,500 of that certificate was clearly identified as separate property. We therefore hold that $9,500 of savings certificate No. 101046 in the face amount of $10,400 is separate property.

With respect to the $16,000 savings certificate purchased from the Dallas Federal Savings & Loan Association, the tracing problem is a bit more difficult. It might be helpful to mention at the outset that the $16,000 certificate came into existence with the consolidation of three smaller certificates in the amounts of $10,000, $4,000 and $2,000. The sources of the funds used to purchase the $4,000 and the $2,000 certificates are known. The $4,000 came from a savings account opened in 1969 by Flora and Royal McKinley as joint tenants with right of survivorship; and the $2,000 came from a joint checking account. There can be no dispute that these monies were community funds. Our concern then is with the $10,000 which ultimately found its way into the $16,000 certificate.

In November 1964, savings account No. 61152, was opened by Royal McKinley with the Dallas Federal Savings & Loan Association, and on December 31, 1964, this account had a balance of $9,570.27. It is undisputed that this sum was Royal's separate property. Between January 15, 1965, the date of Royal and Flora's marriage, and January 2, 1968, the date the $10,000 in question was withdrawn to purchase savings certificate No. 106146, numerous deposits and withdrawals were made. Of $7,740.34 deposited during this period, $1,140.34 came from dividends earned by the account. The source of the remaining $6,600 deposited in this account is not known. Two withdrawals were made during this period: The first on January 5, 1966 was in an amount equal to the total of the dividends earned to that date ($437.99), and the second, on March 30, 1966, in the amount of $4,985.91. The January 2, 1968 withdrawal of $10,000, used to purchase the certificate, left a balance of $1,886.71 in the account.

With respect to the $16,000 savings certificate, petitioner made no attempt to trace any of the separate funds in the Dallas Federal Savings account, or to identify any amount claimed to be the separate property of Royal McKinley. The only evidence with regard to these monies is the account sheet from Dallas Federal Savings & Loan and it is wholly inconclusive as to

the nature of funds deposited or withdrawn. To come to any conclusion about the property status of the $16,000 certificate would require surmise and speculation. The burden to overcome the statutory presumption was on Keith McKinley, and we cannot say that he has sustained that burden. We therefore hold that the Dallas Federal Savings & Loan certificate is community property.

The judgments below are reversed; the cause is remanded to the trial court for entry of judgment in accordance with this opinion.