Evelyn NEWLAND, Appellant,

v.

Leo L. NEWLAND, Appellee.

No. 17654.

Court of Civil Appeals of Texas, Fort Worth.

Oct. 17, 1975.

Rehearing Denied Nov. 14, 1975.

Leo Patrick Ferris, Fort Worth, for appellant.

T. B. Coffield, Bowie, Cantey, Hanger, Gooch, Cravens & Munn, and S. G. Johndroe III, Fort Worth, for appellee.

## OPINION

MASSEY, Chief Justice.

Evelyn Newland sought divorce and partition of property by suit against her husband Leo L. Newland. Trial was before the court. Judgment was rendered granting the divorce and partitioning the property of the parties, plus other relief to the wife not involved on appeal.

Appeal therefrom has been taken by Mrs. Newland, complaining because of that part of the decision that certain real estate was not part of the parties' community estate, but was the separate property of the husband. She also complains that in the event decision that such was separate property of the husband there was inadequate allowance for enhancement of the value thereof as from the parties' community estate; and because the court found, contrary to clear evidence to the contrary, that the separate funds of the husband were not commingled with the community funds of the parties.

We affirm.

■ Property possessed by either spouse during or on dissolution of marriage is presumed to be community property. Vernon's Texas Codes Annotated, Family Code, Sec. 5.02, "Presumption". It is presumed that all property acquired during marriage is community property. *Wilson v. Wilson,* 145 Tex. 607, 201 S.W.2d 226 (1947). The degree of proof required of a spouse seeking to establish the character of property as separate rather than community, i. e. to overcome the presumption of the law, is that he prove the separate character by "clear and convincing" evidence or by "clear and satisfactory" evidence. *Van v. Webb,* 147 Tex. 299, 215 S.W.2d 151 (1948); *Wilson v. Wilson,* supra. The requirement is satisfied in certain instances where he is able to trace the original separate property into the particular assets on hand at the time of dissolution of marriage where there has been a change in form, though he must both trace and clearly identify the property as his separate estate. *Tarver v. Tarver,* 394 S.W.2d 780 (Tex.Sup., 1965); *McKinley v. McKinley,* 496 S.W.2d 540 (Tex.Sup., 1973). In the absence of agreement to the contrary property purchased with separate funds, or taken in exchange for separate property, becomes the separate property of him whose money purchases or whose property is given in exchange. *Dixon v. Sanderson,* 72 Tex. 359, 10 S.W. 535 (1888).

■ Where the evidence shows that separate and community property have been so commingled as to defy resegregation and identification he who is obliged to meet the applicable requirement of proof of separate character of the property cannot discharge the burden of proof incumbent upon him by law and the statutory presumption that the property is of community character should prevail. *McKinley v. McKinley,* supra.

■ While most of Mr. Newland's testimony was corroborated by bank records, etc., some was not so supported. Mrs. Newland contends that where there is not corroboration there is lacking the requirement of evidence that it be "clear and convincing". She cites *Duncan v. Duncan,* 374 S.W.2d 800 (Eastland, Tex.Civ.App., 1964, no writ history) and *West v. Austin National Bank,* 427 S.W.2d 906 (San Antonio, Tex. Civ.App., 1968, writ ref., n. r. e.). We do

not believe either case supports the contention. In a suit of this nature between a husband and wife the parties are each able to testify upon material agreements, express or implied, but rarely would any third persons be able to corroborate either. The same applies to action of one with no participation of the other. To adopt the rule for which Mrs. Newland contends would be to deny justice in a great number of cases, indeed in nearly all where the facts are within the knowledge of only one spouse. Of course the fact finder would be entitled to disbelieve and refuse to find for the spouse having knowledge and testifying, but in instances where he is believed and the finding made for him a judgment based thereupon should not be disturbed because of a lack of corroboration of his testimony.

█ The rule relative to "clear and convincing" evidence, etc. is a narrow one. In our blended system the rule is in practical effect but an admonition to the judge to exercise great caution in weighing the evidence. The case is decided by the fact finder by a preponderance of the evidence. On a review of judgment by a trial court upon a motion for new trial filed the court should grant a new trial if in his opinion the evidence in support of the verdict does not meet the requirement that it be "clear and convincing", etc. In such an instance the court could do no more; he should not render judgment contrary thereto. *Sanders v. Harder,* 148 Tex. 593, 227 S.W.2d 206, 209 (1950), in which opinion the court discussed the origin of the rule in courts of chancery where the matters of fact as well as of law were tried by the chancellor, with the operative effect thereof in our Texas practice. On appeal, if there was any evidence supporting the judgment of the trial court neither could the appellate court do more than reverse the judgment and remand the cause.

█ From the record it is obvious that the court sought to initially decide what was the separate property of either spouse and to consider it aside from that which was community property, with anticipation that it should be restored to its owner upon dissolution of marriage. That the court do so is in accord with the general rule. *Fitts v. Fitts,* 14 Tex. 443 (1855).

With the separate property ascertained the court proceeded to apportion to the community such appropriate amount as the husband's separate property was enhanced in value by use of community funds as a charge thereon, and to divide the whole of the community property by "splitting it down the middle", i. e. to apportion to each of the parties one-half (50%) thereof.

█ There is no complaint of the propriety of an even division of the community estate. The complaint is that property which should have been treated as part of the community estate was determined to be the separate property of the husband and therefore not similarly divided.

There were what might be termed "four parcels" of real estate which were found and decreed to be the separate property of the husband. As applied to each parcel Mrs. Newland insists that evidence was insufficient to meet the applicable legal requirements to establish its separate character. An extended discussion could be made. We deem it sufficient to say that we have examined and tested the evidence applicable to each parcel, placing the burden of proof upon Mr. Newland. In every instance do we find that he discharged his burden.

In minor aspects, and on several occasions as admitted by Mr. Newland in the record, there was complication because of the following: At and prior to his marriage Mr. Newland had a "general account" and a "special account" in the same bank. (There were actually other special kinds of accounts but for simplification we will consider and treat them as being only these two.) Following marriage he used the "general account" for the deposit expenditure of funds which belonged to the community, while he used the "special account" for the business transactions relative to the property constituting his separate estate.

This was so both as applied to property on hand at time he married and/or exchanges thereof, etc., and for deposits and expenditures from funds inherited from his mother.

Mr. Newland admitted that occasions arose where one account would run low, so that it was necessary to draw funds from one to place in the other for short terms. When this occurred, according to his testimony, he would treat the transfer as a loan to be repaid and in each instance there was repayment so that the two accounts were restored to the condition which would have obtained had there not been necessity for any transfer. There was documentary evidence which supported testimony to such effect for most of the 20-year plus period involved. Anyway factual "resegregation" was proved.

Mr. Newland's evidence was undoubtedly considered by the trial court and necessarily accorded complete credence. Likewise did the court accord credence to the use of funds belonging to the community to enhance the value of one or more of the "parcels" of land which were his separate property. The trial court treated the repayments to and reimbursements of the community account as repayments to and reimbursements to Mrs. Newland of her interest therein. The trial court likewise treated instances in which there were exchanges of separate property of the husband, with loans from third parties involved, in aid of which she signed notes along with her husband. In each instance it was proved that indebtedness was ultimately paid off from the separate estate of her husband.

We do not consider the above to have inhibited propriety of the trial court's holding that all four land "parcels" constituted the separate property of the husband. Save for the presumptions at law, with application of the tests to be applied because thereof, there is not a distinction to be made from the analogous situation where two persons are partners in a business enterprise, while one of them is at the same time dealing in real estate as his private business apart therefrom, and where from time to time there is action resulting in indebtedness owing from the partners to the individual, or from the individual to the partners (or partnership account). In such a relationship there is no necessary confusion. The question at any important time is whether the accounts of the partnership and the individual have been settled so neither owes the other, or if not settled what amount is owed from the one to the other.

Where there is dissolution of a marital "partnership" and necessity arises to determine the partnership (community) entitlement on the one hand and the entitlement of the individual on the other hand the question to be resolved is the same. The only difference would be the considerations necessarily attendant to its resolution by reason of public policy as exemplified in the statutory and case law which would require that he who would establish his individual entitlement prove such by "clear and convincing" evidence.

■ Our discussion, hereinabove, would relate not only to real estate but to funds and personality. Upon funds there was evidence by Mr. Newland upon the rare instances of "commingling" or "resegregation" of funds in the accounts there had been transfers and payments so as to restore establishment of the community character of the one and the separate character of the other. Here there was not a commingling of a nature which would result in a forfeiture by the husband of his separate estate under the commingling doctrine for there was always ability to compute correct balances for purposes of resegregation. *Farrow v. Farrow*, 238 S.W.2d 255 (Austin, Tex.Civ.App., 1951, no writ history). See also 12 Tex.Jur.2d 250, "Community Property", Sec. 24, "Bank deposits"; and 30 Tex. Jur.2d 136, "Husband and Wife", Sec. 76, "Effect of commingling separate property with community property."

■ On the matter of enhancement of the separate property of the husband by use

of community funds, there must be consideration of the matter of burden of proof altered from that which is applicable to other aspects of trial below. Restitution law controls. Necessarily in any resolution of the entitlement of the community (and of Mrs. Newland, the wife) from the separate estate of the husband because of the enhancement thereof by funds belonging to the community, the burden of proof was on Mrs. Newland. It is she who asserts enhancement which must be proved both as to the fact and amount in order that the court might know whether to credit the community (and Mrs. Newland) and the amount to be credited in the judgment decree.

■ Necessarily presupposed in consideration of enhancement and amount of enhancement of value of a person's property by use of funds of another is that the property belongs to the one upon whom there is demand that he make restitution. In the instant case, as already noticed, the trial court's intention was to divide equally the community property of the parties. In the court's Findings of Fact it was found that $2,100.00 in funds from community property had been expended in the enhancement of the husband's separate real estate. The amount of enhancement was not stated. In the court's Conclusions of Law there was statement that Mrs. Newland was entitled to $3,764.20 "being one-half (½) of enhancement in value of Respondent's separate property, one-half (½) of Respondent's overdraw, and one-half (½) of value of equipment and supplies . . . ."

Our examination of the record reveals that Mrs. Newland's proof fell far short of legal requirements relative to the fact of enhancement, and also relative to the amount thereof, at the appropriate time for its ascertainment. However, the court intended to and did grant an amount so labeled along with other amounts as part of the property awarded as her apportionment from the community estate. There is no complaint by the husband. The complaint

of Mrs. Newland we hold to be without merit.

■ Furthermore, the court's judgment was one which disposed of Mrs. Newland's interest in the community estate. The partition thereof to be made was within the discretionary power of the court. An award of this character is one which should not be disturbed on appeal unless there is a showing of an abuse of discretion because the total apportionment of community property to one party is manifestly unjust. *Jackson v. Jackson,* 524 S.W.2d 308, 312 (Austin, Tex.Civ.App., 1975, writ history unknown); *Womble v. Womble,* 502 S.W.2d 886 (Fort Worth, Tex.Civ.App., 1973, no writ history); *Hedtke v. Hedtke,* 112 Tex. 404, 248 S.W. 21 (1923). Mrs. Newland has not shown such abuse of discretion.

Each point of error has been considered. All are overruled.

Judgment is affirmed.