Francelle Ventura HARRIS, Individually and as Independent Executrix of the Estate of George Ventura, Appellants,

v.

Angeline VENTURA, Appellee.

No. 8194.

Court of Civil Appeals of Texas, Beaumont.

March 8, 1979.

Rehearing Denied April 6, 1979.

John Delaney, Bryan, for appellants.

Kent A. Caperton, Bryan, for appellee.

CLAYTON, Justice.

Appellee, plaintiff below, Angeline Ventura, brought this suit against Francelle Ventura Harris, individually and as Independent Executrix of the estate of George Ventura, deceased, to recover her community share of certain property included in the estate of George Ventura, her deceased husband. Appellants, Francelle Ventura Harris and George Paula Ventura, are the children of the decedent by a prior marriage. Appellants defended on the ground that their father's will left them his entire estate, and that the property claimed by appellee had constituted their father's separate estate. This suit is to determine the character of property included in the estate of the decedent and to determine the respective rights and duties of a surviving widow and children by a previous marriage. The properties involved in this appeal are certain certificates of deposit, bank checking and savings accounts.

Trial was to the court and findings of fact and conclusions of law were filed, and judgment was entered for appellee in the sum of $2,229.95 and decreed that appellants were vested with fee simple title to the real property owned and occupied as his homestead, "but that with respect to such property [appellee] shall have the obligation to . . . pay . . . all real property taxes assessed against such property and all expenses of upkeep and maintenance . . . for so long as she occupies such property as her homestead."

George Ventura and appellee, Angeline Ventura, were married in 1968. George Ventura died on January 1, 1975, leaving a will devising all of his property to his children, appellants. The will was admitted to probate, and Francelle Harris was appointed and qualified as independent executrix.

Among the items of property possessed by George and Angeline Ventura on January 1, 1975, were the following:

1. Checking account at University National Bank in College Station, Texas $4,997.51
2. Checking account at City National Bank in Bryan, Texas 466.35
3. Savings account at City National Bank in Bryan, Texas 687.52

4. Savings account at Reliance Federal
   Savings & Loan, St. Louis, Missouri    5,087.23

5. Family homestead, Bryan, Texas, en-
   cumbered by a purchase money
   mortgage

Appellants in their first two points urge error by the trial court in finding that appellants failed to overcome the communi-, ty property presumption as to $4,997.51 on deposit in a checking account in the University National Bank. Appellants argue that the evidence conclusively established that the maximum possible amount of community funds contained in the account and all other funds were separate property, and that such a finding is contrary to the great weight and preponderance of the evidence.

The trial court found that this account consisted of a mixture of George Ventura's separate property, some community property, and certain funds of unexplained origin. The court concluded that appellants had failed to overcome the community property presumption as to this account and awarded appellee a one-half community share in the amount of $2,498.76.

▆▆▆ The applicable rules of law are well established. The Supreme Court in *McKinley v. McKinley*, 496 S.W.2d 540 (Tex. 1973), reiterates the basic presumption, as stated in *Tarver v. Tarver*, 394 S.W.2d 780 (Tex.1965), that all property possessed by a husband and wife when their marriage is dissolved is their community property. This presumption is clearly stated in *Tex. Fam.Code Ann. § 5.02* (Vernon 1975). It is the general rule that to discharge the burden imposed by the statute a spouse, or someone claiming through a spouse, must trace and clearly identify property claimed as separate property. See *Tarver v. Tarver*, supra; *Wilson v. Wilson*, 145 Tex. 607, 201 S.W.2d 226 (1947); *Chapman v. Allen*, 15 Tex. 278, 284 (1855). It is further well settled that when the evidence shows that separate and community properties have been so commingled as to defy resegregation and identification, the burden is not discharged, and the statutory presumption prevails. *Tarver v. Tarver*, supra; *Hodge v. Ellis*, 154 Tex. 341, 277 S.W.2d 900 (1955).

The testimony with reference to this account is clearly outlined, step by step, beginning with the amount in the account on April 12, 1974, and traced each deposit and withdrawal. Such facts appear in the record and have not been challenged in any manner by appellee. Therefore, they are accepted as being correct. *Tex.R.Civ.P. 419.* On April 12, 1974, the account balance was $460.15. It is presumed that this sum was community property. The next deposit was in the sum of $7,825.79 on April 16. This deposit was admitted to have been the proceeds of the sale of real property owned by George Ventura prior to his marriage to appellee. The next deposit was $1,174.62 on July 2. This included the sum of $878.63 which was admittedly inherited by deceased. Other deposits made between April 12, 1974, and January 1, 1975, were deposits of interest and that the total of the interest deposits and the beginning balance was $1,339.63; that all other money placed in the account was George Ventura's separate property. This testimony given as to the deposits in the account was not disputed or contradicted. There was a total amount of withdrawals during this same period in the amount of $5,046.54.

▆▆▆ There was no attempt made to contradict any of the above facts. Appellants have clearly traced and identified the funds in this checking account in the sum of $3,657.88 as deceased's separate property. Thus, appellants met the burden of tracing their father's separate property as it was received and retained in the account. The separate funds did not lose their identity, although separate and community properties were commingled, since the trial court was able from the evidence to determine accurately the interest of each estate. *Lindsey v. Lindsey*, 564 S.W.2d 143 (Tex. Civ.App.—Austin 1978, no writ); *In re Marriage of Tandy*, 532 S.W.2d 714, 717 (Tex. Civ.App.—Amarillo 1976, no writ); *Newland v. Newland*, 529 S.W.2d 105 (Tex.Civ. App.—Fort Worth 1975, writ dism'd).

▆▆▆ However, where the checking account contains both community and sepa-

rate funds, it is presumed that community funds are drawn out first. See *Horlock v. Horlock*, 533 S.W.2d 52, 58 (Tex.Civ.App.—Houston [14th Dist.] 1975, writ dism'd); *Sibley v. Sibley*, 286 S.W.2d 657 (Tex.Civ.App.—Dallas 1955, writ dism'd). Applying this rule, the $460.15 beginning balance was withdrawn after the first withdrawal, thereby establishing the sum of $4,118.03 as the separate funds of deceased, and appellee's community interest in the balance of the checking account would be $439.74 instead of $2,498.76 found by the trial court.

■ Appellants urge a "no evidence" point in the finding by the trial court that appellee overcame the community property presumption as to a bank savings account in the amount of $687.52 and a bank checking account in the amount of $466.35. These two accounts were in the City National Bank of Bryan. The only evidence in the record with reference to these accounts was that the source of the funds was "[s]ome was gifts and some may have been my social security check. I don't remember." We agree with appellants that such testimony is no more than a "scintilla" of proof of the vital fact needed to be provided; i. e., that the accounts consisted of money acquired in one of the ways recognized to create separate property. Evidence is a mere scintilla, and legally no evidence, "when the evidence offered to prove a vital fact is so weak as to do no more than create a mere surmise or suspicion of its existence." *Seideneck v. Cal Bayreuther Associates*, 451 S.W.2d 752, 755 (Tex.1970); Calvert, " 'No Evidence' and 'Insufficient Evidence' Points of Error," 38 Texas L.Rev. 361, 363 (1960). This point is sustained. Accordingly, appellee would be entitled to her community interest in such accounts in the sum of $576.94. Since appellee now has in her possession the entire proceeds of such accounts, then appellants should receive the remaining community interest of such accounts in the sum of $576.94.

■ Appellants' next point of error complains of the trial court's holding that a savings and loan account in the amount of $5,087.23 was appellee's separate property.

Appellee held an account in the Reliance Federal Savings & Loan Association in the amount of $5,087.23. The court found that this account "consisted of a mixture of funds owned by [appellee] prior to her marriage . . . and interest earned on such funds before and after her marriage . . . ." and concluded that such funds were the separate property of appellee. The testimony upon which this finding and conclusion is based shows that the funds on deposit in this account earned interest during her marriage. Appellee left such interest on deposit and testified she "never drew anything out of it." Appellee has not replied to this point. It is obvious the funds in the account prior to her marriage constituted her separate property. There is no evidence as to the amount of the interest thereon remaining in the account. Appellee has made no effort to trace her separate funds. She has therefore failed to discharge her burden in tracing and clearly identifying her separate property. Therefore, she has failed to overcome the presumption of the funds being community property as stated in *Tex.Fam.Code Ann. § 5.02* (Vernon 1975). The findings and conclusions of the court in holding same to be appellee's separate property are erroneous. However, it is evident that the original funds in the account, owned prior to her marriage, greatly exceed the amount of the interest thereon. It is obvious the evidence, with reference to such amount of interest, has not been fully developed, and the evidence as to tracing has not been fully developed. It would be in the best interest of justice that this award of the trial court should be remanded so that the testimony can be fully developed. See *Scott v. Liebman*, 404 S.W.2d 288 (Tex.1966); *Dahlberg v. Holden*, 150 Tex. 179, 238 S.W.2d 699 (1951).

Appellants' sixth and seventh points are without merit and are overruled.

Appellee, by proper crosspoints, complains of the trial court's findings and conclusions in that three certificates of deposit totaling $30,000 and a promissory note in the amount of $8,591.82 were the separate property of the deceased, George Ventura.

■ It is agreed by the parties that the certificates of deposit and the promissory note were obtained from the sale of certain real estate that George Ventura sold during his marriage to appellee. The parties also agree that George Ventura had previously owned the same land and had sold it prior to his marriage to appellee. He took as part of the consideration for such sale a promissory note and deed of trust lien. Prior to their marriage, George Ventura executed a form of assignment purporting to convey title to the note and lien to the University National Bank of College Station. After the marriage, the bank executed a form of assignment purporting to convey title to the note and lien back to George Ventura. Shortly thereafter, Mr. Ventura foreclosed his lien through a trustee's sale. Mr. Ventura purchased the land from the trustee at such sale.

The trial court found that the note and lien had remained Mr. Ventura's separate property at all times because the purported assignment to the bank had been in reality the creation of a security interest in the note and lien in favor of the bank. The trial court found that, although Mr. Ventura had executed an instrument that was by its terms an absolute assignment, the transaction had been intended as the creation of a security interest only. This finding was based upon the following language contained in the instrument of assignment from the bank:

"And, Whereas, heretofore, . . . the note described herein and the Deed of Trust lien was assigned to [Bank] by George Ventura by an instrument recorded . . . such assignment being for the security of money borrowed from said Bank by [Ventura], and it now being the desire of the said [Ventura] to substitute other collateral for the money due and owing to said Bank. . . ."

The instrument quoted above was admitted by appellee to be a genuine document and was received in evidence without objection.

The court's findings are in accord with the rule that "merely because an assignment is absolute on its face does not prevent a court from treating it as security for a debt if it was so intended," and such intent "may be shown by parol evidence or by a separate written instrument." *Hillcrest State Bank v. Bankers Leasing Corp.*, 544 S.W.2d 727 (Tex.Civ.App.—Dallas 1976, writ ref'd n. r. e.); *Kaufman v. Blackman*, 239 S.W.2d 422, 427 (Tex.Civ.App.—Dallas 1951, writ ref'd n. r. e.).

The trial court further found that the land acquired became Ventura's separate property because he gave as consideration for it a credit against the note that was itself separate property. He did not pay any cash for the property. The evidence clearly shows that, after the trustee's sale, Ventura brought suit for the deficiency owing on the note after the sale. This land was later sold, and the proceeds of such sale were used in acquiring the certificates of deposit. The promissory note was a part of the consideration paid for a portion of the land sold. The findings of the trial court as to the property being the separate property of the deceased, George Ventura, and the certificates of deposit and the promissory note are supported by factually sufficient evidence.

These crosspoints are overruled.

The trial court awarded appellants the sum of $268.81 for reimbursement for taxes paid and cash on hand. Appellee has made no complaint as to this. According to our views expressed herein, appellants are awarded the additional sum of $576.94, making the total amount of $845.75. Appellee is entitled to receive the sum of $419.34, which when offset against appellants' recovery, leaves appellants award in the sum of $406.01 for which they should have judgment.

That part of the judgment denying appellants a portion of the $5,087.23 held in an account in the Reliance Savings & Loan Association is hereby severed and is reversed and remanded.

That part of the judgment awarding appellee the sum of $2,229.95 is reversed and rendered that appellee take nothing, and

858

judgment is rendered that appellants recover the sum of $406.01.

All costs of this appeal are assessed equally between appellants and appellee.

REVERSED and REMANDED in part and REVERSED and RENDERED in part.