ACCEPTED
01-15-00618-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
10/7/2015 9:38:32 AM
CHRISTOPHER PRINE
CLERK

## NO. 01-15-00618-CV

### COURT OF APPEALS
### FIRST DISTRICT OF TEXAS
### AT HOUSTON

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
10/7/2015 9:38:32 AM
CHRISTOPHER A. PRINE
Clerk

JOSE RUMULO LOPEZ, *Appellant,*

vs.

ANITA MICHELLE LOPEZ, *Appellee.*

### BRIEF OF APPELLANT JOSE RUMULO LOPEZ

**On appeal from 308th Judicial District Court,
Harris County, Texas
Cause No. 2014-20490
Honorable James Lombardino Presiding**

CARL SELESKY, SBOT# 00792121
The Selesky Law Firm
5225 Katy Freeway, Suite 605
Houston, Texas 77007
Tel: (713) 780-9595
Fax: (713) 782-5226
ATTORNEY FOR JOSE RUMULO LOPEZ

**ORAL ARGUMENT NOT REQUESTED**

## REQUEST FOR ORAL ARGUMENT

Appellant does not request oral argument.

## PARTIES AND ATTORNEYS

Appellant:   JOSE RUMULO LOPEZ

Appellant's Attorney:

> Mr. Carl J. Selesky
> 5225 Katy Freeway, Suite 605
> Houston, Texas 77007
> carlselesky@carlselesky.com

Appellant's previous Attorney:

> Felix M. Cantu, Jr.
> 242 Tamerlaine Drive
> Houston, Texas 77024

Appellee:   ANITA MICHELLE LOPEZ

Appellee's Attorney:

> Sandra Kay Polk
> 1502 Augusta #390
> Houston, Texas 77057
> kay@polkfirm.com

Appellee's previous Attorney:

> Judy D. Guyon
> 12607 Orchid Trails Drive
> Houston, Texas 77041
> judy@judyguyon.com - Email

# TABLE OF CONTENTS

TABLE OF CONTENTS .................................................................. iii

INDEX OF AUTHORITIES ............................................................ v

STATEMENT OF THE JURISDICTION ........................................ viii

STATEMENT OF THE CASE ........................................................ viii

ISSUES PRESENTED FOR REVIEW ............................................ ix

STATEMENT OF FACTS .............................................................. 1

SUMMARY OF THE ARGUMENT ................................................ 3

ARGUMENT ................................................................................ 4

I. **TRIAL COURT ERRED BY CHARACTERIZING $31,566.67 OF THE RESIDENCE AS APPELLEE'S SEPARATE PROPERTY** ......................... 4

A. ERROR PROPERLY PRESERVED FOR APPEAL .............................. 4

B. PRESUMPTION OF COMMUNITY PROPERTY ............................... 5

   i. Testimony of Appellee Insufficient ...................................... 8

     a. *Interested Witness* ......................................................... 9

   ii. Testimony by Appellee's Sister Insufficient .......................... 10

   iii. Unauthenticated Check Insufficient ................................... 12

II. **TRIAL COURT ERRORED BY AWARDING ATTORNEY'S FEES** ...... 13

A. ERROR PRESERVED FOR APPEAL ........................................... 14

B. STANDARD OF REVIEW ........................................................ 14

C. ERROR IN THE AMOUNT OF FEES .......................................... 14

**III. TRIAL COURT ERRORED BY NOT GRANTING A NEW TRIAL**...... 15

PRAYER .................................................................................... 16

APPENDIX ........................................................ Appendix Tab

Texas Family Code Section 3.003

Texas Rule of Appellate Procedure 33.1

Texas Rule of Civil Procedure 166a

Texas Rule of Civil Procedure 324

# INDEX OF AUTHORITIES

*Akin v. Akin*, 649 S.W.2d 700, 703 (Tex.App.-Fort Worth 1983, writ ref'd n.r.e.)..........6

*Am. Risk Ins. Co. v. Abousway*, No. 14-13-00124-CV, 2014 WL 2767402, at *5 (Tex. App.-Houston [14th Dist.] June 17, 2014, no pet.) (mem. op.)..........13

*Barker v. Eckman*, 213 S.W.3d 306, 311-12 (Tex. 2006)..........13

*Carle v. Carle*, 234 S.W.2d 1002 (Tex. 1950)..........13

*Carter v. Carter*, 736 S.W.2d 775, 779 (Tex.App.—Houston [14th Dist.] 1987, no writ.)..........7

*Cecil v. Smith*, 804 S.W.2d 509, 511-512 (Tex. 1991)..........5

*Ganesan v. Vallabhaneni*, 96 S.W.3d 345, 354 (Tex.App.-Austin 2002, pet. denied)..........6

*Garcia v. Gomez*, 319 S.W.3d 638, 640 (Tex. 2010)..........10

*Hunnicutt v. Clark*, 428 S.W.2d 691, 694 (Tex. Civ. App.—Texarkana 1968, no pet.)..........10

*Jacobs v. Jacobs*, 687 S.W.2d 731, 732 (Tex.1985)..........15

*In re C.H.*, 89 S.W.3d 17, 26 (Tex.2002)..........6

*In re J.F.C.*, 96 S.W.3d 256, 265-66 (Tex.2002)..........6

*Mandell v. Mandell*, 310 S.W.3d 531, 541 (Tex. App.-Fort Worth 2010, pet. denied)..........13

*McElwee v. McElwee*, 911 S.W.2d 182, 188 (Tex.App.-Houston [1st Dist.] 1995, writ denied)..........6

*McKinley v. McKinley*, 496 S.W.2d 540, 543 (Tex.1973)..........6

*Messier v. Messier*, No. 14-13-00572-CV, 2014 WL 2767402, at \*5 (Tex. App.-Houston [14th Dist.] June 17, 2014, no pet.) (mem. op.) .............................. 13

*Moore v. Moore*, 383 S.W.3d 190, 198 (Tex. App.-Dallas 2012, pet. denied)....... 13

*Moroch v. Collins*, 174 S.W.3d 849, 857 (Tex. App.-Dallas 2005, pet. denied).... 14

*Old Republic Ins. v. Scott*, 846 S.W.2d 832, 833 (Tex. 1993)................................ 15

*Phillips v. Phillips*, 296 S.W.3d 656, 670-71 (Tex. App.-El Paso 2009, pet. denied) ........................................................................................................................ 13

*Schmeltz v. Garey*, 49 Tex. 49, 6061 (Tex. 1878). ---911 S.W.2d 182 (1995)......... 6

*Texaco, Inc. v. Pennzoil, Co.*, 729 S.W.2d 768, 852 (Tex.App.—Houston [1st Dist] 1987, writ ref'd n.r.e.)............................................................................ 4

*West v. West*, No. 01-14-00350-CV (Tex.App— Houston [1st Dist.] July 14, 2015, Mtn. for rehearing filed)(mem. op. ) ...................................................... 13, 14

## OTHER AUTHORITIES

Texas Family Code Section 3.003.............................................................................6

Texas Rule of Appellate Procedure 33.1.................................................................4

Texas Rule of Civil Procedure 166a ......................................................................10

Texas Rule of Civil Procedure 324 .....................................................................4, 13

# NO. 01-15-00618-CV

## COURT OF APPEALS
## FIRST DISTRICT OF TEXAS
## AT HOUSTON

### JOSE RUMULO LOPEZ, *Appellant,*

### vs.

### ANITA MICHELLE LOPEZ, *Appellee.*

### BRIEF OF APPELLANT JOSE RUMULO LOPEZ

**On appeal from 308th Judicial District Court,
Harris County, Texas
Cause No. 2014-20490
Honorable James Lombardino Presiding**

TO THE HONORABLE FIRST COURT OF APPEALS:

Appellant JOSE RUMULO LOPEZ files this Brief of Appellant and asks this Honorable First Court of Appeals to reverse the judgment of the trial court and remand this matter for a new trial and re-division of the community estate.

# STATEMENT OF THE JURISDICTION

This Court has jurisdiction over this appeal pursuant to TEX. GOV'T. CODE § 22.202(h), because it is a civil case with which a notice of appeal was filed. TEX. GOV'T. CODE § 22.202(h).

# STATEMENT OF THE CASE

*Nature of the case*: This is a divorce matter brought by Petitioner/Appellee, **ANITA MICHELLE LOPEZ** ("Appellee") against **JOSE RUMULO LOPEZ** ("Appellant").[1]

*Course of proceedings and disposition*: The original petition for divorce was filed on **April 14, 2014**.[2] The original answer was filed on **July 10, 2015**.[3] The initial Final Decree was signed on **February 23, 2015**. Appellant filed a motion for new trial on **March 24, 2015**.[4] A second final decree of divorce was signed on **May 4, 2015**.[5] Appellant filed a second motion for new trial on **June 3, 2015**.[6] The motion was denied on **July 15, 2015**.[7] The court adopted findings of facts and conclusions of law on **July 15, 2015**.[8] Appellant filed a notice of appeal on **July 16, 2015**.[9]

---

[1] Clerk's Record (CR), p. 3.
[2] CR, p. 3.
[3] CR, p. 18.
[4] CR, p. 20.
[5] CR, p. 48.
[6] CR, p. 64.
[7] CR, p. 103.
[8] CR, p. 100.
[9] CR, p. 104.

# ISSUES PRESENTED FOR REVIEW

I.    TRIAL COURT ERRED BY CHARACTERIZING $31,566.67 OF THE RESIDENCE AS APPELLEE'S SEPARATE PROPERTY

II.    TRIAL COURT ERRORED BY AWARDING ATTORNEY'S FEES

III.    TRIAL COURT ERRORED BY NOT GRANTING A NEW TRIAL

## STATEMENT OF FACTS

Mr. Lopez and Appellee were married on April 18, 1985.[10] After the parties were married, Appellee received an interest in real estate upon the death of her father[11]. Mr. Lopez and Appellee paid the utilities for this portion of real estate during the marriage.[12] The parties later could not come to an agreement on paying the utilities, taxes, and other costs associated with owning the property.[13] The parties then sold their interest in the real estate to Appellee's siblings.[14] Appellee allegedly put the funds received for the property from her brother into CD accounts, which she described as community property.[15] Appellee received a check from her sister for her interest in the property.[16]

Mr. Lopez and Appellee later purchased the property located at 222 W. Twickenham Trial, Houston, Texas 77076 from Appellee's mother.[17] Payments were made to Appellee's mother as payment for the property located at 222 W. Twickenham Trail.[18]

Appellee filed for divorce on April 14, 2014.[19] A first amended petition

---

[10] CR, p. 3.
[11] Reporter's Record(RR), p. 39.
[12] RR, p. 40.
[13] RR, p. 41.
[14] RR, p. 41.
[15] RR, p. 42.
[16] Petitioner's Exhibit(PE) 2; RR, p. 139.
[17] RR, p. 38.
[18] RR, p. 43.
[19] RR, p. 3.

1

was filed on June 16, 2014, in which Appellee requested attorney's fees from Mr. Lopez.[20] A divorce trial was held on January 27, 2015.[21] At trial, Appellee represented to the Court that the check she received from her sister and the deed from her mother for the property located at 222 W. Twickenham Trial were in close proximity to each other, when in fact they were dated months apart.[22] Appellee, with no supporting evidence testified that she believed the requested attorney's fees were reasonable and necessary.[23] The trial court rendered a ruling which was recorded on the record.[24] The trial court granted the party's divorced based on insupportability.[25] The trial court held that Appellee owned a separate property interest in the residence located at 222 W. Twickenham Trail.[26] The trial court awarded $10,000.00 in attorney's fees to Petitioner.[27] The Court entered the initial final decree for this matter on February 23, 2015. The decree contained several awards that were not mentioned at trial. Specifically, a money judgment against Respondent, liens to secure judgments, and the assignment of the marital estate's tax liability.

Mr. Lopez filed a motion for new trial on March 24, 2015.[28] The motion for

---

[20] CR, p. 9.
[21] RR, p. 1.
[22] RR, p. 43.
[23] RR, p. 69.
[24] RR, p. 127.
[25] RR, p. 128.
[26] RR, p. 128.
[27] RR, p. 129.
[28] CR, p. 20.

new trial asserted that the evidence was factually and legally insufficient to support the trial court's rulings regarding the property located at 222 W. Twickenham Trail.[29] A hearing was held on April 29, 2015.[30] A second final decree of divorce was signed by the trial court on May 4, 2015.[31] A second motion for new trial was filed by Mr. Lopez on June 3, 2015, and denied by the trial court on July 15, 2015.[32] The motion for new trial asserted that the evidence was factually and legally insufficient to support the trial court's rulings regarding the property located at 222 W. Twickenham Trail, and regarding the court's ruling for attorney's fees.[33] The court adopted findings of facts and conclusions of law on July 15, 2015. The findings of fact states that the award for attorney's fees was made as part of the trial court's division of the marital estate.[34] Appellant filed a notice of appeal on July 16, 2015.[35]

## SUMMARY OF THE ARGUMENT

The trial court erred by characterizing a part of the property located at 222 W. Twickenham Trail as Appellee's separate property. Appellee had the burden to overcome the presumption that the property was community property. The unauthenticated check, as well as the testimony of Appellee fail to meet Appellee's

---

[29] CR, p. 22.
[30] CR, p. 32.
[31] CR, p. 48.
[32] CR, p. 64; CR, p. 103.
[33] CR, p. 65; CR, p. 66.
[34] CR, p. 100.
[35] CR, p. 104.

3

burden of proof to show that any portion of the property was separate property.

The trial court erred by awarding $10,000 in attorney's fees to Appellee. There is insufficient evidence to show that the $10,000 judgment for attorney's fees was required as part of a just and fair division of the community estate.

The trial court erred by not granting Appellant's motion for new trial. The errors regarding the characterization of the community estate, and the award of attorney's fees as part of a just and fair division materially affect the trial court's division of the marital estate. Any error in the division of the community estate will cause the entire estate to be re-divided.

## ARGUMENT

## I. TRIAL COURT ERRED BY CHARACTERIZING $31,566.67 OF THE RESIDENCE AS APPELLEE'S SEPARATE PROPERTY

### A. ERROR PROPERLY PRESERVED FOR APPEAL

To preserve error for appellate review, a party usually must make a timely objection to the trial court.[36] A motion for new trial must be filed in order to preserve certain complaints.[37] A party complaining of factual or legal insufficiency is not required to comply with rule 33.1(a) and may file a motion for new trial to preserve error for appeal.[38] The motion for new trial preserves error

---

[36] Tex. R. App. P. § 33.1(a)(West 2014).
[37] *See* Tex. R. App. P. § 33.1(d)(West 2014).
[38] Tex. R. App. P. § 33.1(d); Tex. R. Civ. P. § 324(West 2012); *Texaco, Inc. v. Pennzoil, Co.,* 729 S.W.2d 768, 852 (Tex.App.—Houston [1st Dist] 1987, writ ref'd n.r.e.).

4

even when an objection is not made during trial.[39]

In the *Cecil* case, the appellant complained that the evidence was factually insufficient to support the jury findings.[40] The appellant filed a motion for new trial in which she asserted her claim that the evidence was factually insufficient.[41] The motion for new trial was not brought before the trial court, and was overruled by operation of law.[42] The appellate court held that the appellant had not preserved her claim of factual insufficiency.[43] The Texas Supreme Court subsequently reversed and remanded the matter to the court of appeals, ruling that the claim for factual insufficiency had been preserved by the filing of a motion for new trial.[44]

In the present matter, Mr. Lopez timely filed a motion for new trial on June 3, 2015.[45] The motion for new trial asserted that the evidence was factually and legally insufficient to support the trial court's rulings regarding the property located at 222 W. Twickenham Trail.[46] Therefore, Mr. Lopez properly preserved this issue for appeal.

## B. PRESUMPTION OF COMMUNITY PROPERTY

A presumption exists in the Texas Family Code that all property possessed

---

[39] *See Cecil v. Smith*, 804 S.W.2d 509, 511-512 (Tex. 1991).
[40] *Cecil v. Smith*, 804 S.W.2d at 510.
[41] *Id.*
[42] *Id.*
[43] *Id.*
[44] *Cecil*, at 512.
[45] CR, p. 64.
[46] CR, p. 66.

5

by a husband and wife at the time of the dissolution of their marriage is community property.[47] If a party asserts that certain property is their separate property, they bear the burden of rebutting the presumption of community property by clear and convincing evidence.[48] Reviewing courts apply a higher standard of legal and factual sufficiency review when a party's burden of proof must be by clear and convincing evidence.[49] In order to discharge this burden, a party generally must trace and clearly identify the property claimed as separate property.[50] The party's testimony alone will usually be insufficient to rebut the presumption.[51] A party usually must trace the funds used to purchase the property to show that it is separate property.[52] A party can trace the separate origin of property with evidence showing the time and means by which the property was obtained.[53] Any doubts regarding the character of property should be resolved in favor of the community estate.[54] The assumption of community property prevails if surmise or speculation is required to conclude the property's status.[55]

---

[47] Tex.Fam.Code Ann. § 3.003 (West 2002).
[48] Id.; *McKinley v. McKinley*, 496 S.W.2d 540, 543 (Tex.1973).
[49] *In re J.F.C.*, 96 S.W.3d 256, 265-66 (Tex.2002); *In re C.H.*, 89 S.W.3d 17, 26 (Tex.2002).
[50] *McKinley*, at 543.
[51] *See Schmeltz v. Garey*, 49 Tex. 49, 6061 (Tex. 1878). ---911 S.W.2d 182 (1995).
[52] *Id.*; *McElwee v. McElwee*, 911 S.W.2d 182, 188 (Tex.App.-Houston [1st Dist.] 1995, writ denied).
[53] *Ganesan v. Vallabhaneni*, 96 S.W.3d 345, 354 (Tex.App.-Austin 2002, pet. denied).
[54] *Akin v. Akin*, 649 S.W.2d 700, 703 (Tex.App.-Fort Worth 1983, writ ref'd n.r.e.).
[55] *McKinley*, 496 S.W.2d at 544.

In this matter, the trial court erred when it determined that Appellee owned a separate property interest in the residence located at 222 W. Twickenham Trail.[56] Appellee had the burden to rebut the presumption of community property. The house should have been completely characterized as community property based on the inception of title.[57]

In the *Carter* case, real property was purchased by the husband through an earnest money contract prior to marriage.[58] The court of appeals held that the character of real property is determined by whether the marriage existed at inception of the new owner's rights.[59] The trial court had already held that the contract was signed prior to the marriage; therefore the property was the husband's separate property.[60]

The facts in this case are clearly dissimilar to the *Carter* case. In this case, the property was undisputedly purchased during the marriage.[61] There was no evidence presented to this Court that indicates separate property funds were used in direct relationship to a purchase of real estate.

The only documentation regarding the purchase of the property is an unauthenticated check from several months before the property was transferred.[62]

---

[56] CR, p. 128.
[57] *See Carter v. Carter*, 736 S.W.2d 775, 779 (Tex.App.—Houston [14th Dist.] 1987, no writ.).
[58] *Id.*
[59] *Id.*
[60] *Id.*
[61] RR, p. 38.
[62] PE 2; RR, p. 139.

7

No contract for the sale of the real estate property has been offered by Petitioner to prove her separate property interest. Without any tracing of these funds directly to the purchase, the Petitioner is unable to satisfy her burden. The Trial Court erred when characterizing the marital estate's real estate property.

i. Testimony of Appellee Insufficient

Appellee's uncontroverted testimony is insufficient evidence to rebut the presumption of community property. Appellee testified that the property at 222 W. Twickenham Trail was purchased after she was married to Mr. Lopez.[63] Appellee testified that the property was purchased by herself and Mr. Lopez.[64] The property at 222 W. Twickenham Trail was allegedly purchased using funds from the sale of other property which was received after the death of Appellee's father.[65] The property from Appelle's father was shared between multiple parties whom all paid a portion of the utilities.[66] Appellee testified that she and Mr. Lopez paid their portion of the utilities for the property together.[67] According to Appellee, only after the property was divided did Mr. Lopez not agree to pay for the utilities and other costs associated with owning the property.[68]

After the community had been paying for a portion of the utilities on the

---

[63] RR, p. 38.
[64] RR, p. 38-39.
[65] RR, p. 39.
[66] RR, p. 40.
[67] RR, p. 40.
[68] RR, p. 41.

8

property received upon Appellee's father's death, it was later sold to Appellee's siblings.[69] Appellee put the funds received for the property from her brother into CD accounts, which she described as community property.[70] The funds received from her sister for the property were allegedly given to Appellee's mother as payment for the property located at 222 W. Twickenham Trail.[71] Payments were regularly made to Appellee's mother as payment for the property located at 222 W. Twickenham Trail.[72]

Appellee did not testify that she paid the utilities for the property with separate funds. The parties' expenditure of community property funds to pay for their portion of the utilities for the property shows that Appellee's interest in the property was part of the community estate. When the property was sold to Appellee's brother and sister, the income from that property was community property. Therefore, Appellee's testimony does not prove that the funds received from Appellee's sister were her separate property. Additionally, Appellee's testimony does not prove that the $31,000 given to Appellee's mother was actually for the purchase of the property located at 222 W. Twickenham Trail.

*a. Interested Witness*

In order to be dispositive, sworn testimony of an interested witness must

---

[69] RR, p. 41.
[70] RR, p. 42.
[71] RR, p. 43.
[72] RR, p. 43.

contain clear and credible statements of fact that are able to be controverted.[73] There must not be any evidence that calls into question the affiant's credibility.[74] If the testimony of an interested party does not meet one of the requirements, it is inconclusive and at most raises a question of fact for the finder of fact.[75] A party has an interest in a case when she is a witness in the case, is managing or directing the case, has any pecuniary interest in the lawsuit, or is an attorney in the case.[76]

Appellee claims that the funds received from her sister for her interest in the shared property was given to Appellee's mother as payment for the property located at 222 W. Twickenham Trail.[77] However, as an interested witness, the testimony of Petitioner is insufficient testimony to establish property as a party's separate property.

## ii. Testimony by Appellee's Sister Insufficient

Appellee's sister testified regarding the characterization of the property.[78] Specifically, Appellee's sister testified that she gave Appellee a check for her interest in the shared property.[79] She also testified that Appellee had planned to pay off the house located at 222 W. Twickenham Trail with the funds from the

---

[73] *See* TEX. R. CIV. P. 166a(c)(West2012).
[74] *Garcia v. Gomez*, 319 S.W.3d 638, 640 (Tex. 2010).
[75] *Id.*
[76] *Hunnicutt v. Clark*, 428 S.W.2d 691, 694 (Tex. Civ. App.—Texarkana 1968, no pet.).
[77] RR, p. 43.
[78] RR, p. 91.
[79] RR, p. 91.

10

check, and that Appellee had done so.[80]

The testimony of Appellee's sister does not show that the property interest purchased by the check was Appellee's separate property. Appellee's sister does not even claim that she purchased Appellee's separate property interest. The fact that Appellee received a check from her sister is irrelevant to the issue of characterizing the property sold. The testimony of Appellee's sister provides no evidence, or in the alternative, insufficient evidence to support the claim that the property sold to Appellee's sister was the separate property of Appellee.

The testimony of Appellee's sister does not show that a real estate transaction existed between appellee and Appellee's mother. The testimony actually contradicts the testimony of Appellee in that the property located at 222 W. Twickenham Trail was not paid off with the funds received from Appellee's sister. Appellee actually testified that she and Mr. Lopez continued to make payments on the property to Appellee's mother.[81] The testimony of Appellee's sister provides no evidence, or in the alternative, insufficient evidence to support the claim that a real estate transaction existed between appellee and Appellee's mother.

iii. Unauthenticated Check Insufficient

The unauthenticated check which Appellee used to support her

---
[80] RR, p. 91.
[81] RR, p. 43.

11

characterization is insufficient to rebut the presumption of community property. The date on the check is December 31, 2003.[82] The deed to the property located at 222 W. Twickenham Trail was signed on May 7, 2004.[83] The unauthorized check does not prove the existence of a written purchase contract for the real estate property located at 222 W. Twickenham Trail. The check represents hearsay and is irrelevant to the issue of the property transfer as it was written several months prior to the deed. The check also does not make any mention of or reference to the real estate property located at 222 W. Twickenham Trail. The trial court erred by admitting the unauthorized check as evidence, and in relying on the check to characterize any portion of the property located at 222 W. Twickenham Trail as the separate property of Appellee.

## II. TRIAL COURT ERRORED BY AWARD ATTORNEY'S FEES

The trial court awarded $10,000.00 in attorney's fees to Petitioner.[84] The award was made as part of the trial court's division of the marital estate.[85] The court erred by awarding $10,000.00 in attorney fees because there is insufficient evidence to support the award.

---

[82] PE 2; RR, p. 139.
[83] PE 5; RR, p. 147.
[84] RR, p. 129.
[85] CR, p. 100.

## A. Error Preserved for Appeal

A motion for new trial preserves error when it challenges the sufficiency of evidence used for the award of attorney's fees.[86]

In the present matter, Mr. Lopez timely filed a motion for new trial on June 3, 2015.[87] The motion for new trial asserted that the evidence was factually and legally insufficient to support the trial court's rulings for attorney's fees.[88]

## B. Standard of Review

The amount of attorney's fees awarded by a trial court is reviewed under a sufficiency of the evidence standard.[89]

## C. Error in the Amount of Fees

A trial court may award reasonable attorney's fees in a divorce action as part of a just and right division of property.[90]

Legal and factual sufficiency challenges are relevant factors when determining whether a trial court abused its discretion.[91] When reviewing a matter

---

[86] *See* TEX.R. CIV. P. 324(b)(2)(West 2012); *See Barker v. Eckman*, 213 S.W.3d 306, 311-12 (Tex. 2006).

[87] CR, p. 64.

[88] CR, p. 65.

[89] *Am. Risk Ins. Co. v. Abousway*, No. 14-13-00124-CV, 2014 WL 2767402, at *5 (Tex. App.-Houston [14th Dist.] June 17, 2014, no pet.) (mem. op.); *Messier v. Messier*, No. 14-13-00572-CV, 2014 WL 2767402, at *5 (Tex. App.-Houston [14th Dist.] June 17, 2014, no pet.) (mem. op.).

[90] *See* TEX. FAM. CODE ANN. § 6.708(c) (West 2014); *Phillips v. Phillips,* 296 S.W.3d 656, 670-71 (Tex. App.-El Paso 2009, pet. denied); *Carle v. Carle*, 234 S.W.2d 1002 (Tex. 1950); *West v. West*, No. 01-14-00350-CV (Tex.App— Houston [1st Dist.] July 14, 2015, Mtn. for rehearing filed)(mem. op.); *Mandell v. Mandell*, 310 S.W.3d 531, 541 (Tex. App.-Fort Worth 2010, pet. denied).

[91] *Moore v. Moore*, 383 S.W.3d 190, 198 (Tex. App.-Dallas 2012, pet. denied).

13

for legal and factual sufficiency, an appellate court should consider whether the trial court had sufficient evidence to exercise its discretion and whether the court properly applied its discretion.[92] An appellate court reviews the first prong of the test by conducting the applicable sufficiency review.[93] The review court then determines whether the trial court's decision was reasonable based on the evidence.[94] There must be evidence of a substantive and probative nature to support the trial court's decision.[95]

There is insufficient evidence to support the amount of attorney fees awarded by the trial court. Appellee's testimony does not contain any discussion of how the requested attorney's fees could be a part of a just and fair division of the martial estate. Appellee's testimony regarding attorney's fees only states that she believed that the fees were reasonable and necessary.[96] No stipulation was made regarding whether the attorney's fees could or should be included as part of a just and fair division of the marital estate. No evidence or testimony was given proving that an award of attorney fees was needed for a just and right division. Therefore, the Trial Court abused its discretion by awarding such a large and disproportionate share of the community estate to Petitioner.

---

[92] *Moroch v. Collins*, 174 S.W.3d 849, 857 (Tex. App.-Dallas 2005, pet. denied).
[93] *Id.*
[94] *Id.*
[95] *Id.*; *West*, No. 01-14-00350-CV.
[96] RR, p. 69.

## III. TRIAL COURT ERRORED BY NOT GRANTING A NEW TRIAL

The trial court erred by not granting Mr. Lopez's motion for new trial. One purpose of a motion for new trial is to give the trial court a chance to correct what the appellant will claim on appeal is reversible error.[97] When an error has occurred in one portion of the property division, the entire community estate should be re-divided in a just and right manner.[98]

Mr. Lopez filed a motion for new trial on June 3, 2015.[99] In the motion, Mr. Lopez asserted that the trial court erred when it awarded attorney fees, as well as when it characterized and divided the community estate.[100] The motion for new trial raised valid objections and preserved those objections for appeal. The evidence presented by Appellee was insufficient to overcome the presumption of community property. The trial court erred by not granting a new trial in order to properly examine the objection asserted by Mr. Lopez regarding the characterization and division of the marital estate. The trial court should have granted a new trial in order to re-divide the marital estate in a fair and just manner.

---

[97] *Old Republic Ins. v. Scott*, 846 S.W.2d 832, 833 (Tex. 1993).
[98] *See Jacobs v. Jacobs*, 687 S.W.2d 731, 732 (Tex.1985).
[99] RR, p. 64.
[100] RR, p. 64.

## PRAYER

For the foregoing reasons, JOSE RUMULO LOPEZ respectfully requests this Court to reverse the judgment of the trial court and remand this matter for a new trial and re-division of the community estate.

Respectfully submitted,

Selesky Law Firm
5225 Katy Freeway, Suite 605
Houston, Texas 77007
Tel: (713) 780-9595
Fax: (713) 782-5226


_____/s/ Carl J. Selesky_____
CARL SELESKY, SBOT# 00792121
carlselesky@carlselesky.com
ATTORNEY FOR JOSE RUMULO LOPEZ

16

## Certificate of Service

I hereby certify that a true and correct copy of the above and foregoing document has been forwarded via certified mail return receipt requested to all counsel of record on this the 7th day of October, 2015.

Sandra Kay Polk
1502 Augusta Dr., Suite 390
Houston, Texas 77057-2525
713-266-0846
713-266-9269

_____ /s/ Carl J. Selesky _____
Carl J. Selesky

## NO. 01-15-00618-CV

IN THE
COURT OF APPEALS
FOR THE
FIRST JUDICIAL DISTRICT
HOUSTON, TEXAS

**JOSE RUMULO LOPEZ,** *Appellant,*

**vs.**

**ANITA MICHELLE LOPEZ,** *Appellee.*

Appealed from the 308th Judicial District Court of
Harris County, Texas

## CERTIFICATE OF COMPLIANCE

Pursuant to Texas Rule of Appellate Procedure 9.4(i)(3), I hereby certify that this brief contains 3,758 words (excluding the caption, table of contents, table of authorities, signature, proof of service, certification, and certificate of compliance). This is a computer-generated document created in Microsoft Word, using 14-point typeface for all text, except for footnotes which are in 12-point typeface. In making this certificate of compliance, I am relying on the word count provided by the software used to prepare the document.

Respectfully Submitted,

Selesky Law Firm
5225 Katy Freeway, Suite 605
Houston, TX 77007
Tel: (713) 780 9595
Fax: (713) 782 5226


By:   /s/ Carl J. Selesky
Carl J. Selesky, SBOT# 00792121
carlselesky@carlselesky.com
**ATTORNEY FOR APPELLANT**

FAMILY CODE

TITLE 1. THE MARRIAGE RELATIONSHIP

SUBTITLE B. PROPERTY RIGHTS AND LIABILITIES

CHAPTER 3. MARITAL PROPERTY RIGHTS AND LIABILITIES

SUBCHAPTER A. GENERAL RULES FOR SEPARATE AND COMMUNITY PROPERTY

Sec. 3.001.  SEPARATE PROPERTY.  A spouse's separate property consists of:

(1)  the property owned or claimed by the spouse before marriage;

(2)  the property acquired by the spouse during marriage by gift, devise, or descent;  and

(3)  the recovery for personal injuries sustained by the spouse during marriage, except any recovery for loss of earning capacity during marriage.

Added by Acts 1997, 75th Leg., ch. 7, Sec. 1, eff. April 17, 1997.


Sec. 3.002.  COMMUNITY PROPERTY.  Community property consists of the property, other than separate property, acquired by either spouse during marriage.

Added by Acts 1997, 75th Leg., ch. 7, Sec. 1, eff. April 17, 1997.


Sec. 3.003.  PRESUMPTION OF COMMUNITY PROPERTY.  (a)  Property possessed by either spouse during or on dissolution of marriage is presumed to be community property.

(b)  The degree of proof necessary to establish that property is separate property is clear and convincing evidence.

Added by Acts 1997, 75th Leg., ch. 7, Sec. 1, eff. April 17, 1997.


Sec. 3.004.  RECORDATION OF SEPARATE PROPERTY.  (a)  A subscribed and acknowledged schedule of a spouse's separate property may be

recorded in the deed records of the county in which the parties, or one of them, reside and in the county or counties in which the real property is located.

(b) A schedule of a spouse's separate real property is not constructive notice to a good faith purchaser for value or a creditor without actual notice unless the instrument is acknowledged and recorded in the deed records of the county in which the real property is located.

Added by Acts 1997, 75th Leg., ch. 7, Sec. 1, eff. April 17, 1997.


Sec. 3.005. GIFTS BETWEEN SPOUSES. If one spouse makes a gift of property to the other spouse, the gift is presumed to include all the income and property that may arise from that property.

Added by Acts 1997, 75th Leg., ch. 7, Sec. 1, eff. April 17, 1997.


Sec. 3.006. PROPORTIONAL OWNERSHIP OF PROPERTY BY MARITAL ESTATES. If the community estate of the spouses and the separate estate of a spouse have an ownership interest in property, the respective ownership interests of the marital estates are determined by the rule of inception of title.

Added by Acts 1999, 76th Leg., ch. 692, Sec. 1, eff. Sept. 1, 1999. Amended by Acts 2001, 77th Leg., ch. 838, Sec. 3, eff. Sept. 1, 2001.


Sec. 3.007. PROPERTY INTEREST IN CERTAIN EMPLOYEE BENEFITS. (a) Repealed by Acts 2009, 81st Leg., R.S., Ch. 768, Sec. 11(1), eff. September 1, 2009.

(b) Repealed by Acts 2009, 81st Leg., R.S., Ch. 768, Sec. 11(1), eff. September 1, 2009.

(c) The separate property interest of a spouse in a defined contribution retirement plan may be traced using the tracing and characterization principles that apply to a nonretirement asset.

(d) A spouse who is a participant in an employer-provided stock option plan or an employer-provided restricted stock plan has a separate property interest in the options or restricted stock granted to the spouse under the plan as follows:

(1)  if the option or stock was granted to the spouse before marriage but required continued employment during marriage before the grant could be exercised or the restriction removed, the spouse's separate property interest is equal to the fraction of the option or restricted stock in which:

(A)  the numerator is the sum of:

(i)  the period from the date the option or stock was granted until the date of marriage; and

(ii)  if the option or stock also required continued employment following the date of dissolution of the marriage before the grant could be exercised or the restriction removed, the period from the date of dissolution of the marriage until the date the grant could be exercised or the restriction removed; and

(B)  the denominator is the period from the date the option or stock was granted until the date the grant could be exercised or the restriction removed; and

(2)  if the option or stock was granted to the spouse during the marriage but required continued employment following the date of dissolution of the marriage before the grant could be exercised or the restriction removed, the spouse's separate property interest is equal to the fraction of the option or restricted stock in which:

(A)  the numerator is the period from the date of dissolution of the marriage until the date the grant could be exercised or the restriction removed; and

(B)  the denominator is the period from the date the option or stock was granted until the date the grant could be exercised or the restriction removed.

(e)  The computation described by Subsection (d) applies to each component of the benefit requiring varying periods of employment before the grant could be exercised or the restriction removed.

(f)  Repealed by Acts 2009, 81st Leg., R.S., Ch. 768, Sec. 11(1), eff. September 1, 2009.

Added by Acts 2005, 79th Leg., Ch. 490 (H.B. 410), Sec. 1, eff. September 1, 2005.
Amended by:
Acts 2009, 81st Leg., R.S., Ch. 768 (S.B. 866), Sec. 1, eff. September 1, 2009.

Acts 2009, 81st Leg., R.S., Ch. 768 (S.B. 866), Sec. 11(1), eff. September 1, 2009.


Sec. 3.008. PROPERTY INTEREST IN CERTAIN INSURANCE PROCEEDS. (a) Insurance proceeds paid or payable that arise from a casualty loss to property during marriage are characterized in the same manner as the property to which the claim is attributable.

(b) If a person becomes disabled or is injured, any disability insurance payment or workers' compensation payment is community property to the extent it is intended to replace earnings lost while the disabled or injured person is married. To the extent that any insurance payment or workers' compensation payment is intended to replace earnings while the disabled or injured person is not married, the recovery is the separate property of the disabled or injured spouse.

Added by Acts 2005, 79th Leg., Ch. 490 (H.B. 410), Sec. 1, eff. September 1, 2005.


SUBCHAPTER B. MANAGEMENT, CONTROL, AND DISPOSITION OF MARITAL PROPERTY

Sec. 3.101. MANAGING SEPARATE PROPERTY. Each spouse has the sole management, control, and disposition of that spouse's separate property.

Added by Acts 1997, 75th Leg., ch. 7, Sec. 1, eff. April 17, 1997.


Sec. 3.102. MANAGING COMMUNITY PROPERTY. (a) During marriage, each spouse has the sole management, control, and disposition of the community property that the spouse would have owned if single, including:
　　　(1) personal earnings;
　　　(2) revenue from separate property;
　　　(3) recoveries for personal injuries; and
　　　(4) the increase and mutations of, and the revenue from, all property subject to the spouse's sole management, control, and disposition.
(b) If community property subject to the sole management,

control, and disposition of one spouse is mixed or combined with community property subject to the sole management, control, and disposition of the other spouse, then the mixed or combined community property is subject to the joint management, control, and disposition of the spouses, unless the spouses provide otherwise by power of attorney in writing or other agreement.

(c)  Except as provided by Subsection (a), community property is subject to the joint management, control, and disposition of the spouses unless the spouses provide otherwise by power of attorney in writing or other agreement.

Added by Acts 1997, 75th Leg., ch. 7, Sec. 1, eff. April 17, 1997.


Sec. 3.103.  MANAGING EARNINGS OF MINOR.  Except as provided by Section 264.0111, during the marriage of the parents of an unemancipated minor for whom a managing conservator has not been appointed, the earnings of the minor are subject to the joint management, control, and disposition of the parents of the minor, unless otherwise provided by agreement of the parents or by judicial order.

Added by Acts 1997, 75th Leg., ch. 7, Sec. 1, eff. April 17, 1997.
Amended by Acts 2001, 77th Leg., ch. 964, Sec. 1, eff. Sept. 1, 2001.


Sec. 3.104.  PROTECTION OF THIRD PERSONS.  (a)  During marriage, property is presumed to be subject to the sole management, control, and disposition of a spouse if it is held in that spouse's name, as shown by muniment, contract, deposit of funds, or other evidence of ownership, or if it is in that spouse's possession and is not subject to such evidence of ownership.

(b)  A third person dealing with a spouse is entitled to rely, as against the other spouse or anyone claiming from that spouse, on that spouse's authority to deal with the property if:

(1)  the property is presumed to be subject to the sole management, control, and disposition of the spouse;  and

(2)  the person dealing with the spouse:

(A)  is not a party to a fraud on the other spouse or another person;  and

(B)   does not have actual or constructive notice of the spouse's lack of authority.

Added by Acts 1997, 75th Leg., ch. 7, Sec. 1, eff. April 17, 1997.


## SUBCHAPTER C. MARITAL PROPERTY LIABILITIES

Sec. 3.201.   SPOUSAL LIABILITY.   (a)   A person is personally liable for the acts of the person's spouse only if:

(1)   the spouse acts as an agent for the person;  or

(2)   the spouse incurs a debt for necessaries as provided by Subchapter F, Chapter 2.

(b)   Except as provided by this subchapter, community property is not subject to a liability that arises from an act of a spouse.

(c)   A spouse does not act as an agent for the other spouse solely because of the marriage relationship.

Added by Acts 1997, 75th Leg., ch. 7, Sec. 1, eff. April 17, 1997.


Sec. 3.202.   RULES OF MARITAL PROPERTY LIABILITY.   (a)   A spouse's separate property is not subject to liabilities of the other spouse unless both spouses are liable by other rules of law.

(b)   Unless both spouses are personally liable as provided by this subchapter, the community property subject to a spouse's sole management, control, and disposition is not subject to:

(1)   any liabilities that the other spouse incurred before marriage;  or

(2)   any nontortious liabilities that the other spouse incurs during marriage.

(c)   The community property subject to a spouse's sole or joint management, control, and disposition is subject to the liabilities incurred by the spouse before or during marriage.

(d)   All community property is subject to tortious liability of either spouse incurred during marriage.

(e)   For purposes of this section, all retirement allowances, annuities, accumulated contributions, optional benefits, and money in the various public retirement system accounts of this state that are community property subject to the participating spouse's sole

management, control, and disposition are not subject to any claim for payment of a criminal restitution judgment entered against the nonparticipant spouse except to the extent of the nonparticipant spouse's interest as determined in a qualified domestic relations order under Chapter 804, Government Code.

Added by Acts 1997, 75th Leg., ch. 7, Sec. 1, eff. April 17, 1997. Amended by:

Acts 2009, 81st Leg., R.S., Ch. 1244 (S.B. 2324), Sec. 1, eff. September 1, 2009.


Sec. 3.203. ORDER IN WHICH PROPERTY IS SUBJECT TO EXECUTION. (a) A judge may determine, as deemed just and equitable, the order in which particular separate or community property is subject to execution and sale to satisfy a judgment, if the property subject to liability for a judgment includes any combination of:

(1) a spouse's separate property;

(2) community property subject to a spouse's sole management, control, and disposition;

(3) community property subject to the other spouse's sole management, control, and disposition; and

(4) community property subject to the spouses' joint management, control, and disposition.

(b) In determining the order in which particular property is subject to execution and sale, the judge shall consider the facts surrounding the transaction or occurrence on which the suit is based.

Added by Acts 1997, 75th Leg., ch. 7, Sec. 1, eff. April 17, 1997.


SUBCHAPTER D. MANAGEMENT, CONTROL, AND DISPOSITION OF MARITAL PROPERTY UNDER UNUSUAL CIRCUMSTANCES

Sec. 3.301. MISSING, ABANDONED, OR SEPARATED SPOUSE. (a) A spouse may file a sworn petition stating the facts that make it desirable for the petitioning spouse to manage, control, and dispose of community property described or defined in the petition that would otherwise be subject to the sole or joint management, control, and disposition of the other spouse if:

(1) the other spouse has disappeared and that spouse's location remains unknown to the petitioning spouse, unless the spouse is reported to be a prisoner of war or missing on public service;

(2) the other spouse has permanently abandoned the petitioning spouse; or

(3) the spouses are permanently separated.

(b) The petition may be filed in a court in the county in which the petitioner resided at the time the separation began, or the abandonment or disappearance occurred, not earlier than the 60th day after the date of the occurrence of the event. If both spouses are nonresidents of this state at the time the petition is filed, the petition may be filed in a court in a county in which any part of the described or defined community property is located.

Added by Acts 1997, 75th Leg., ch. 7, Sec. 1, eff. April 17, 1997. Amended by Acts 2001, 77th Leg., ch. 217, Sec. 23, eff. Sept. 1, 2001.


Sec. 3.302. SPOUSE MISSING ON PUBLIC SERVICE. (a) If a spouse is reported by an executive department of the United States to be a prisoner of war or missing on the public service of the United States, the spouse of the prisoner of war or missing person may file a sworn petition stating the facts that make it desirable for the petitioner to manage, control, and dispose of the community property described or defined in the petition that would otherwise be subject to the sole or joint management, control, and disposition of the imprisoned or missing spouse.

(b) The petition may be filed in a court in the county in which the petitioner resided at the time the report was made not earlier than six months after the date of the notice that a spouse is reported to be a prisoner of war or missing on public service. If both spouses were nonresidents of this state at the time the report was made, the petition shall be filed in a court in a county in which any part of the described or defined property is located.

Added by Acts 1997, 75th Leg., ch. 7, Sec. 1, eff. April 17, 1997.


Sec. 3.303. APPOINTMENT OF ATTORNEY. (a) Except as provided by Subsection (b), the court may appoint an attorney in a suit filed

under this subchapter for the respondent.

(b) The court shall appoint an attorney in a suit filed under this subchapter for a respondent reported to be a prisoner of war or missing on public service.

(c) The court shall allow a reasonable fee for an appointed attorney's services as a part of the costs of the suit.

Added by Acts 1997, 75th Leg., ch. 7, Sec. 1, eff. April 17, 1997.


Sec. 3.304. NOTICE OF HEARING; CITATION. (a) Notice of the hearing, accompanied by a copy of the petition, shall be issued and served on the attorney representing the respondent, if an attorney has been appointed.

(b) If an attorney has not been appointed for the respondent, citation shall be issued and served on the respondent as in other civil cases.

Added by Acts 1997, 75th Leg., ch. 7, Sec. 1, eff. April 17, 1997.


Sec. 3.305. CITATION BY PUBLICATION. (a) If the residence of the respondent, other than a respondent reported to be a prisoner of war or missing on public service, is unknown, citation shall be published in a newspaper of general circulation published in the county in which the petition was filed. If that county has no newspaper of general circulation, citation shall be published in a newspaper of general circulation in an adjacent county or in the nearest county in which a newspaper of general circulation is published.

(b) The notice shall be published once a week for two consecutive weeks before the hearing, but the first notice may not be published after the 20th day before the date set for the hearing.

Added by Acts 1997, 75th Leg., ch. 7, Sec. 1, eff. April 17, 1997.


Sec. 3.306. COURT ORDER FOR MANAGEMENT, CONTROL, AND DISPOSITION OF COMMUNITY PROPERTY. (a) After hearing the evidence in a suit under this subchapter, the court, on terms the court considers just and equitable, shall render an order describing or defining the

community property at issue that will be subject to the management, control, and disposition of each spouse during marriage.

(b)  The court may:

(1)  impose any condition and restriction the court deems necessary to protect the rights of the respondent;

(2)  require a bond conditioned on the faithful administration of the property;  and

(3)  require payment to the registry of the court of all or a portion of the proceeds of the sale of the property, to be disbursed in accordance with the court's further directions.

Added by Acts 1997, 75th Leg., ch. 7, Sec. 1, eff. April 17, 1997.


Sec. 3.307.  CONTINUING JURISDICTION OF COURT;  VACATING ORIGINAL ORDER.  (a)  The court has continuing jurisdiction over the court's order rendered under this subchapter.

(b)  On the motion of either spouse, the court shall amend or vacate the original order after notice and hearing if:

(1)  the spouse who disappeared reappears;

(2)  the abandonment or permanent separation ends;  or

(3)  the spouse who was reported to be a prisoner of war or missing on public service returns.

Added by Acts 1997, 75th Leg., ch. 7, Sec. 1, eff. April 17, 1997.
Amended by Acts 2001, 77th Leg., ch. 217, Sec. 24, eff. Sept. 1, 2001.


Sec. 3.308.  RECORDING ORDER TO AFFECT REAL PROPERTY.  An order authorized by this subchapter affecting real property is not constructive notice to a good faith purchaser for value or to a creditor without actual notice unless the order is recorded in the deed records of the county in which the real property is located.

Added by Acts 1997, 75th Leg., ch. 7, Sec. 1, eff. April 17, 1997.


Sec. 3.309.  REMEDIES CUMULATIVE.  The remedies provided in this subchapter are cumulative of other rights, powers, and remedies afforded spouses by law.

Added by Acts 1997, 75th Leg., ch. 7, Sec. 1, eff. April 17, 1997.

SUBCHAPTER E.  CLAIMS FOR REIMBURSEMENT

Sec. 3.401.  DEFINITIONS.  In this subchapter:

(1)  Repealed by Acts 2009, 81st Leg., R.S., Ch. 768, Sec. 11(2), eff. September 1, 2009.

(2)  Repealed by Acts 2009, 81st Leg., R.S., Ch. 768, Sec. 11(2), eff. September 1, 2009.

(3)  Repealed by Acts 2009, 81st Leg., R.S., Ch. 768, Sec. 11(2), eff. September 1, 2009.

(4)  "Marital estate" means one of three estates:

(A)  the community property owned by the spouses together and referred to as the community marital estate;

(B)  the separate property owned individually by the husband and referred to as a separate marital estate;  or

(C)  the separate property owned individually by the wife, also referred to as a separate marital estate.

(5)  "Spouse" means a husband, who is a man, or a wife, who is a woman.  A member of a civil union or similar relationship entered into in another state between persons of the same sex is not a spouse.

Added by Acts 1999, 76th Leg., ch. 692, Sec. 2, eff. Sept. 1, 1999. Amended by Acts 2001, 77th Leg., ch. 838, Sec. 2, eff. Sept. 1, 2001. Amended by:

Acts 2009, 81st Leg., R.S., Ch. 768 (S.B. 866), Sec. 11(2), eff. September 1, 2009.

Sec. 3.402.  CLAIM FOR REIMBURSEMENT; OFFSETS.  (a)  For purposes of this subchapter, a claim for reimbursement includes:

(1)  payment by one marital estate of the unsecured liabilities of another marital estate;

(2)  inadequate compensation for the time, toil, talent, and effort of a spouse by a business entity under the control and direction of that spouse;

(3)  the reduction of the principal amount of a debt secured by a lien on property owned before marriage, to the extent the debt existed at the time of marriage;

(4) the reduction of the principal amount of a debt secured by a lien on property received by a spouse by gift, devise, or descent during a marriage, to the extent the debt existed at the time the property was received;

(5) the reduction of the principal amount of that part of a debt, including a home equity loan:

(A) incurred during a marriage;

(B) secured by a lien on property; and

(C) incurred for the acquisition of, or for capital improvements to, property;

(6) the reduction of the principal amount of that part of a debt:

(A) incurred during a marriage;

(B) secured by a lien on property owned by a spouse;

(C) for which the creditor agreed to look for repayment solely to the separate marital estate of the spouse on whose property the lien attached; and

(D) incurred for the acquisition of, or for capital improvements to, property;

(7) the refinancing of the principal amount described by Subdivisions (3)-(6), to the extent the refinancing reduces that principal amount in a manner described by the applicable subdivision;

(8) capital improvements to property other than by incurring debt; and

(9) the reduction by the community property estate of an unsecured debt incurred by the separate estate of one of the spouses.

(b) The court shall resolve a claim for reimbursement by using equitable principles, including the principle that claims for reimbursement may be offset against each other if the court determines it to be appropriate.

(c) Benefits for the use and enjoyment of property may be offset against a claim for reimbursement for expenditures to benefit a marital estate, except that the separate estate of a spouse may not claim an offset for use and enjoyment of a primary or secondary residence owned wholly or partly by the separate estate against contributions made by the community estate to the separate estate.

(d) Reimbursement for funds expended by a marital estate for improvements to another marital estate shall be measured by the

enhancement in value to the benefited marital estate.

(e) The party seeking an offset to a claim for reimbursement has the burden of proof with respect to the offset.

Added by Acts 1999, 76th Leg., ch. 692, Sec. 2, eff. Sept. 1, 1999. Amended by Acts 2001, 77th Leg., ch. 838, Sec. 2, eff. Sept. 1, 2001. Amended by:

Acts 2009, 81st Leg., R.S., Ch. 768 (S.B. 866), Sec. 3, eff. September 1, 2009.


Sec. 3.404. APPLICATION OF INCEPTION OF TITLE RULE; OWNERSHIP INTEREST NOT CREATED. (a) This subchapter does not affect the rule of inception of title under which the character of property is determined at the time the right to own or claim the property arises.

(b) A claim for reimbursement under this subchapter does not create an ownership interest in property, but does create a claim against the property of the benefited estate by the contributing estate. The claim matures on dissolution of the marriage or the death of either spouse.

Added by Acts 1999, 76th Leg., ch. 692, Sec. 2, eff. Sept. 1, 1999. Amended by Acts 2001, 77th Leg., ch. 838, Sec. 2, eff. Sept. 1, 2001. Amended by:

Acts 2009, 81st Leg., R.S., Ch. 768 (S.B. 866), Sec. 4, eff. September 1, 2009.


Sec. 3.405. MANAGEMENT RIGHTS. This subchapter does not affect the right to manage, control, or dispose of marital property as provided by this chapter.

Added by Acts 1999, 76th Leg., ch. 692, Sec. 2, eff. Sept. 1, 1999. Amended by Acts 2001, 77th Leg., ch. 838, Sec. 2, eff. Sept. 1, 2001.


Sec. 3.406. EQUITABLE LIEN. (a) On dissolution of a marriage, the court may impose an equitable lien on the property of a benefited marital estate to secure a claim for reimbursement against that property by a contributing marital estate.

(b) On the death of a spouse, a court may, on application for a

claim for reimbursement brought by the surviving spouse, the personal representative of the estate of the deceased spouse, or any other person interested in the estate, as defined by Section 3, Texas Probate Code, impose an equitable lien on the property of a benefited marital estate to secure a claim for reimbursement against that property by a contributing marital estate.

(c) Repealed by Acts 2009, 81st Leg., R.S., Ch. 768, Sec. 11(4), eff. September 1, 2009.

Added by Acts 1999, 76th Leg., ch. 692, Sec. 2, eff. Sept. 1, 1999. Amended by Acts 2001, 77th Leg., ch. 838, Sec. 2, eff. Sept. 1, 2001. Amended by:

Acts 2009, 81st Leg., R.S., Ch. 768 (S.B. 866), Sec. 5, eff. September 1, 2009.

Acts 2009, 81st Leg., R.S., Ch. 768 (S.B. 866), Sec. 11(4), eff. September 1, 2009.


Sec. 3.409. NONREIMBURSABLE CLAIMS. The court may not recognize a marital estate's claim for reimbursement for:

(1) the payment of child support, alimony, or spousal maintenance;

(2) the living expenses of a spouse or child of a spouse;

(3) contributions of property of a nominal value;

(4) the payment of a liability of a nominal amount; or

(5) a student loan owed by a spouse.

Added by Acts 2001, 77th Leg., ch. 838, Sec. 2, eff. Sept. 1, 2001.


Sec. 3.410. EFFECT OF MARITAL PROPERTY AGREEMENTS. A premarital or marital property agreement, whether executed before, on, or after September 1, 2009, that satisfies the requirements of Chapter 4 is effective to waive, release, assign, or partition a claim for economic contribution, reimbursement, or both, under this subchapter to the same extent the agreement would have been effective to waive, release, assign, or partition a claim for economic contribution, reimbursement, or both under the law as it existed immediately before September 1, 2009, unless the agreement provides otherwise.

Added by Acts 2001, 77th Leg., ch. 838, Sec. 2, eff. Sept. 1, 2001.
Amended by:

Acts 2009, 81st Leg., R.S., Ch. 768 (S.B. 866), Sec. 6, eff. September 1, 2009.

# TEXAS RULES OF APPELLATE PROCEDURE

## Table of Contents

### SECTION ONE.
### GENERAL PROVISIONS

**Rule 1.** Scope of Rules; Local Rules of Courts of Appeals

   **1.1.** Scope.

   **1.2.** Local Rules
     (a) *Promulgation.*
     (b) *Copies.*
     (c) *Party's Noncompliance.*

**Rule 2.** Suspension of Rules

**Rule 3.** Definitions; Uniform Terminology

   **3.1.** Definitions

   **3.2.** Uniform Terminology in Criminal Cases

**Rule 4.** Time and Notice Provisions

   **4.1.** Computing Time
     (a) *In General.*
     (b) *Clerk's Office Closed or Inaccessible.*

   **4.2.** No Notice of Trial Court's Judgment in Civil Case
     (a) *Additional Time to File Documents.*
      (1) In general.
      (2) Exception for restricted appeal.
     (b) *Procedure to Gain Additional Time.*
     (c) *The Court's Order.*

   **4.3.** Periods Affected by Modified Judgment in Civil Case
     (a) *During Plenary-Power Period.*
     (b) *After Plenary Power Expires.*

   **4.4.** Periods Affected When Process Served by Publication

   **4.5.** No Notice of Judgment or Order of Appellate Court; Effect on Time to File Certain Documents
     (a) *Additional Time to File Documents.*
     (b) *Procedure to Gain Additional Time.*
     (c) *Where to File.*
     (d) *Order of the Court.*

**Rule 5.** Fees in Civil Cases

**Rule 6.** Representation by Counsel

   **6.1.** Lead Counsel
     (a) *For Appellant.*
     (b) *For a Party Other Than Appellant.*
     (c) *How to Designate.*

   **6.2.** Appearance of Other Attorneys

   **6.3.** To Whom Communications Sent

   **6.4.** Nonrepresentation Notice
     (a) *In General.*
     (b) *Appointed Counsel.*

   **6.5.** Withdrawal
     (a) *Contents of Motion.*
     (b) *Delivery to Party.*
     (c) *If Motion Granted.*
     (d) *Exception for Substitution of Counsel.*

   **6.6.** Agreements of Parties or Counsel

**Rule 7.** Substituting Parties

   **7.1.** Parties Who Are Not Public Officers
     (a) *Death of a Party.*
      (1) Civil Cases.
      (2) Criminal Cases.
     (b) *Substitution for Other Reasons.*

   **7.2.** Public Officers
     (a) *Automatic Substitution of Officer.*
     (b) *Abatement.*

**Rule 8.** Bankruptcy in Civil Cases

   **8.1.** Notice of Bankruptcy

   **8.2.** Effect of Bankruptcy

   **8.3.** Motion to Reinstate or Sever Appeal Suspended by Bankruptcy
     (a) *Motion to Reinstate.*
     (b) *Motion to Sever.*

(2)   the date of filing of any contest;

(3)   the date of any order on the contest; and

(4)   whether the contest was sustained or overruled;

(l)   whether the appellant has filed or will file a supersedeas bond; and

(m)  any other information the appellate court requires.

## 32.2. Criminal Cases

Upon perfecting the appeal in a criminal case, the appellant must file in the appellate court a docketing statement that includes the following information:

(a)   (1)   if the appellant has counsel, the name of the appellant and the name, address, telephone number, fax number, if any, and State Bar of Texas identification number of the appellant's counsel, and whether the counsel is appointed or retained; or

(2)   if the appellant is not represented by an attorney, that party's name, address, telephone number, and fax number, if any;

(b)   the date the notice of appeal was filed in the trial court and, if mailed to the trial court clerk, the date of mailing;

(c)   the trial court's name and county, and the name of the judge who tried the case;

(d)   the date the trial court imposed or suspended sentence in open court, or the date the judgment or order appealed from was signed;

(e)   the date of filing any motion for new trial, motion in arrest of judgment, or any other filing that affects the time for perfecting the appeal;

(f)   the offense charged and the date of the offense;

(g)   the defendant's plea;

(h)   whether the trial was jury or nonjury;

(i)   the punishment assessed;

(j)   whether the appeal is from a pretrial order;

(k)   whether the appeal involves the validity of a statute, ordinance, or rule;

(l)   whether a reporter's record has been or will be requested, and whether the trial was electronically recorded;

(m)  the name of the court reporter;

(n)   (1)   the dates of filing of any motion and affidavit of indigence;

(2)   the date of any hearing;

(3)   the date of any order; and

(4)   whether the motion was granted or denied; and

(o)   any other information the appellate court requires.

## 32.3. Supplemental Statements

Any party may file a statement supplementing or correcting the docketing statement.

## 32.4. Purpose of Statement

The docketing statement is for administrative purposes and does not affect the appellate court's jurisdiction.

### Notes and Comments

Comment to 1997 change: The rule is new.

# Rule 33.  Preservation of Appellate Complaints

## 33.1. Preservation; How Shown

(a)   *In General.* As a prerequisite to presenting a complaint for appellate review, the record must show that:

(1)   the complaint was made to the trial court by a timely request, objection, or motion that:

(A)   stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context; and

(B)   complied with the requirements of the Texas Rules of Civil or Criminal Evidence or the Texas Rules of Civil or Appellate Procedure; and

(2)   the trial court:

(A) ruled on the request, objection, or motion, either expressly or implicitly; or

(B) refused to rule on the request, objection, or motion, and the complaining party objected to the refusal.

(b) *Ruling by Operation of Law.* In a civil case, the overruling by operation of law of a motion for new trial or a motion to modify the judgment preserves for appellate review a complaint properly made in the motion, unless taking evidence was necessary to properly present the complaint in the trial court.

(c) *Formal Exception and Separate Order Not Required.* Neither a formal exception to a trial court ruling or order nor a signed, separate order is required to preserve a complaint for appeal.

(d) *Sufficiency of Evidence Complaints in Nonjury Cases.* In a nonjury case, a complaint regarding the legal or factual insufficiency of the evidence - including a complaint that the damages found by the court are excessive or inadequate, as distinguished from a complaint that the trial court erred in refusing to amend a fact finding or to make an additional finding of fact - may be made for the first time on appeal in the complaining party's brief.

## 33.2. Formal Bills of Exception

To complain on appeal about a matter that would not otherwise appear in the record, a party must file a formal bill of exception.

(a) *Form.* No particular form of words is required in a bill of exception. But the objection to the court's ruling or action, and the ruling complained of, must be stated with sufficient specificity to make the trial court aware of the complaint.

(b) *Evidence.* When the appellate record contains the evidence needed to explain a bill of exception, the bill itself need not repeat the evidence, and a party may attach and incorporate a transcription of the evidence certified by the court reporter.

(c) *Procedure.*

(1) The complaining party must first present a formal bill of exception to the trial court.

(2) If the parties agree on the contents of the bill of exception, the judge must sign the bill and file it with the trial court clerk. If the parties do not agree on the contents of the bill, the trial judge must — after notice and hearing — do one of the following things:

(A) sign the bill of exception and file it with the trial court clerk if the judge finds that it is correct;

(B) suggest to the complaining party those corrections to the bill that the judge believes are necessary to make it accurately reflect the proceedings in the trial court, and if the party agrees to the corrections, have the corrections made, sign the bill, and file it with the trial court clerk; or

(C) if the complaining party will not agree to the corrections suggested by the judge, return the bill to the complaining party with the judge's refusal written on it, and prepare, sign, and file with the trial court clerk such bill as will, in the judge's opinion, accurately reflect the proceedings in the trial court.

(3) If the complaining party is dissatisfied with the bill of exception filed by the judge under (2)(C), the party may file with the trial court clerk the bill that was rejected by the judge. That party must also file the affidavits of at least three people who observed the matter to which the bill of exception is addressed. The affidavits must attest to the correctness of the bill as presented by the party. The matters contained in that bill of exception may be controverted and maintained by additional affidavits filed by any party within ten days after the filing of that bill. The truth of the bill of exception will be determined by the appellate court.

(d) *Conflict.* If a formal bill of exception conflicts with the reporter's record, the bill controls.

(e) *Time to file.*

(1) Civil Cases. In a civil case, a formal bill of exception must be filed no later than 30 days after the filing party's notice of appeal is filed.

(2) Criminal Cases. In a criminal case, a formal bill of exception must be filed:

(A) no later than 60 days after the trial court pronounces or suspends sentence in open court; or

# Texas Rules of Civil Procedure

## Table of Contents

### PART I - GENERAL RULES

RULE 1.    OBJECTIVE OF RULES

RULE 2.    SCOPE OF RULES

RULE 3.    CONSTRUCTION OF RULES

RULE 3a.   LOCAL RULES

RULE 4.    COMPUTATION OF TIME

RULE 5.    ENLARGEMENT OF TIME

RULE 6.    SUITS COMMENCED ON SUNDAY

RULE 7.    MAY APPEAR BY ATTORNEY

RULE 8.    ATTORNEY IN CHARGE

RULE 9.    NUMBER OF COUNSEL HEARD

RULE 10.   WITHDRAWAL OF ATTORNEY

RULE 11.   AGREEMENTS TO BE IN WRITING

RULE 12.   ATTORNEY TO SHOW AUTHORITY

RULE 13.   EFFECT OF SIGNING PLEADINGS, MOTIONS AND OTHER PAPERS; SANCTIONS

RULE 14.   AFFIDAVIT BY AGENT

RULE 14b.  RETURN OR OTHER DISPOSITION OF EXHIBITS

RULE 14c.  DEPOSIT IN LIEU OF SURETY BOND

## PART II - RULES OF PRACTICE IN DISTRICT AND COUNTY COURTS

actions may be placed for consideration as above provided and may either confine the calendar to jury actions or extend it to all actions.

Pretrial proceedings in multidistrict litigation may also be governed by Rules 11 and 13 of the Rules of Judicial Administration.

## RULE 166a. SUMMARY JUDGMENT

(a)    **For Claimant.** A party seeking to recover upon a claim, counterclaim, or cross-claim or to obtain a declaratory judgment may, at any time after the adverse party has appeared or answered, move with or without supporting affidavits for a summary judgment in his favor upon all or any part thereof. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to amount of damages.

(b)    **For Defending Party.** A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in his favor as to all or any part thereof.

(c)    **Motion and Proceedings Thereon.** The motion for summary judgment shall state the specific grounds therefor. Except on leave of court, with notice to opposing counsel, the motion and any supporting affidavits shall be filed and served at least twenty-one days before the time specified for hearing. Except on leave of court, the adverse party, not later than seven days prior to the day of hearing may file and serve opposing affidavits or other written response. No oral testimony shall be received at the hearing. The judgment sought shall be rendered forthwith if (i) the deposition transcripts, interrogatory answers, and other discovery responses referenced or set forth in the motion or response, and (ii) the pleadings, admissions, affidavits, stipulations of the parties, and authenticated or certified public records, if any, on file at the time of the hearing, or filed thereafter and before judgment with permission of the court, show that, except as to the amount of damages, there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law on the issues expressly set out in the motion or in an answer or any other response. Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal. A summary judgment may be based on uncontroverted testimonial evidence of an interested witness, or of an expert witness as to subject matter concerning which the trier of fact must be guided solely by the opinion testimony of experts, if the evidence is clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted.

(d)    **Appendices, References and Other Use of Discovery Not Otherwise on File.** Discovery products not on file with the clerk may be used as summary judgment evidence if copies of the material, appendices containing the evidence, or a notice containing specific references to the discovery or specific references to other instruments, are filed and served on all parties together with a statement of intent to use the specified discovery as summary judgment proofs: (i) at least twenty-one days before the hearing if such proofs are to be used to support the summary judgment; or (ii) at least seven days before the hearing if such proofs are to be used to oppose the summary judgment.

(e)     **Case Not Fully Adjudicated on Motion.** If summary judgment is not rendered upon the whole case or for all the relief asked and a trial is necessary, the judge may at the hearing examine the pleadings and the evidence on file, interrogate counsel, ascertain what material fact issues exist and make an order specifying the facts that are established as a matter of law, and directing such further proceedings in the action as are just.

(f)     **Form of Affidavits; Further Testimony.** Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions or by further affidavits. Defects in the form of affidavits or attachments will not be grounds for reversal unless specifically pointed out by objection by an opposing party with opportunity, but refusal, to amend.

(g)     **When Affidavits Are Unavailable.** Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

(h)     **Affidavits Made in Bad Faith.** Should it appear to the satisfaction of the court at any time that any of the affidavits presented pursuant to this rule are presented in bad faith or solely for the purpose of delay, the court shall forthwith order the party employing them to pay to the other party the amount of the reasonable expenses which the filing of the affidavits caused him to incur, including reasonable attorney's fees, and any offending party or attorney may be adjudged guilty of contempt.

(i)     **No-Evidence Motion.** After adequate time for discovery, a party without presenting summary judgment evidence may move for summary judgment on the ground that there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial. The motion must state the elements as to which there is no evidence. The court must grant the motion unless the respondent produces summary judgment evidence raising a genuine issue of material fact.

**[RULE 166b. Repealed effective January 1, 1999]**

**[RULE 166c. Repealed effective January 1, 1999]**

## RULE 167. OFFER OF SETTLEMENT; AWARD OF LITIGATION COSTS

**167.1. Generally.**

Certain litigation costs may be awarded against a party who rejects an offer made substantially in accordance with this rule to settle a claim for monetary damages - including a counterclaim, crossclaim, or third-party claim - except in:

# Texas Rules of Civil Procedure

## Table of Contents

### PART I - GENERAL RULES

RULE 1.      OBJECTIVE OF RULES

RULE 2.      SCOPE OF RULES

RULE 3.      CONSTRUCTION OF RULES

RULE 3a.     LOCAL RULES

RULE 4.      COMPUTATION OF TIME

RULE 5.      ENLARGEMENT OF TIME

RULE 6.      SUITS COMMENCED ON SUNDAY

RULE 7.      MAY APPEAR BY ATTORNEY

RULE 8.      ATTORNEY IN CHARGE

RULE 9.      NUMBER OF COUNSEL HEARD

RULE 10.     WITHDRAWAL OF ATTORNEY

RULE 11.     AGREEMENTS TO BE IN WRITING

RULE 12.     ATTORNEY TO SHOW AUTHORITY

RULE 13.     EFFECT OF SIGNING PLEADINGS, MOTIONS AND OTHER PAPERS; SANCTIONS

RULE 14.     AFFIDAVIT BY AGENT

RULE 14b.    RETURN OR OTHER DISPOSITION OF EXHIBITS

RULE 14c.    DEPOSIT IN LIEU OF SURETY BOND

## PART II - RULES OF PRACTICE IN DISTRICT AND COUNTY COURTS

jury is contrary to law, and the like - shall not be considered by the court.

## [RULE 323. Repealed effective January 1, 1978]

## RULE 324. PREREQUISITES OF APPEAL

(a)     **Motion for New Trial Not Required.** A point in a motion for new trial is not a prerequisite to a complaint on appeal in either a jury or a nonjury case, except as provided in subdivision (b).

(b)     **Motion for New Trial Required.** A point in a motion for new trial is a prerequisite to the following complaints on appeal:

   (1)     A complaint on which evidence must be heard such as one of jury misconduct or newly discovered evidence or failure to set aside a judgment by default;

   (2)     A complaint of factual insufficiency of the evidence to support a jury finding;

   (3)     A complaint that a jury finding is against the overwhelming weight of the evidence;

   (4)     A complaint of inadequacy or excessiveness of the damages found by the jury; or

   (5)     Incurable jury argument if not otherwise ruled on by the trial court.

(c)     **Judgment Notwithstanding Findings; Cross-Points.** When judgment is rendered non obstante verdicto or notwithstanding the findings of a jury on one or more questions, the appellee may bring forward by cross-point contained in his brief filed in the Court of Appeals any ground which would have vitiated the verdict or would have prevented an affirmance of the judgment had one been rendered by the trial court in harmony with the verdict, including although not limited to the ground that one or more of the jury's findings have insufficient support in the evidence or are against the overwhelming preponderance of the evidence as a matter of fact, and the ground that the verdict and judgment based thereon should be set aside because of improper argument of counsel.

The failure to bring forward by cross-points such grounds as would vitiate the verdict shall be deemed a waiver thereof; provided, however, that if a cross-point is upon a ground which requires the taking of evidence in addition to that adduced upon the trial of the cause, it is not necessary that the evidentiary hearing be held until after the appellate court determines that the cause be remanded to consider such a cross-point.

## [RULE 325. Repealed effective January 1, 1978]

## RULE 326. NOT MORE THAN TWO